In the Matter of JOHN CHIRONNA et al., Similarly Situated, Appellants, against JAMES S. WATSON et al., Constituting the Civil Service Commission of the City of New York, Respondents, and JACK R. ROITBURD et al., Similarly Situated, Interveners, Respondents.

Argued May 26, 1952; decided July 15, 1952.

*Salvator Milazzo* for appellants. I. The civil service commission of the city of New York, upon declaring an examination not truly competitive, must direct a new examination to be taken by all candidates. II. Petitioners are persons aggrieved and entitled to maintain proceedings. III. This proceeding is timely and properly instituted.

*Denis M. Hurley, Corporation Counsel (Anthony Curreri* and *Seymour B. Quel* of counsel), for respondents. I. In requiring a special re-examination of the candidates who had chosen to answer the questions excised from the original examination and in restricting their re-examination to the same number of similar questions originally chosen, the commission adopted a course of action which was eminently fair and reasonable and in conformity with the statutory requirement that the examination be competitive. (*Matter of Firshein* v. *Reavy,* 263 App. Div. 490, 289 N. Y. 712; *People ex rel. Caridi* v. *Creelman,* 150 App. Div. 746; *Matter of Gruner* v. *McNamara,* 298 N. Y. 395; *Matter of Sloat* v. *Board of Examiners,* 274 N. Y. 367; *People*

*ex rel. Moriarty* v. *Creelman,* 206 N. Y. 570; *Matter of Fink* v. *Finegan,* 270 N. Y. 356; *Matter of Allaire* v. *Knox,* 62 App. Div. 29, 168 N. Y. 642; *Matter of Pollak* v. *Conway,* 276 App. Div. 435, 301 N. Y. 816; *Matter of Bergerman* v. *Murphy,* 278 App. Div. 388, 303 N. Y. 762; *Matter of Immediato* v. *Kern,* 278 N. Y. 680.) II. The test is *not* whether the present course of action is one the commission might have adopted or even that it was the wisest possible course. It is sufficient if a " fair, reasonable argument may be made to sustain the action ". (*People ex rel. Moriarty* v. *Creelman,* 206 N. Y. 570; *Matter of Pollak* v. *Conway,* 276 App. Div. 435, 301 N. Y. 816.)

*Sidney A. Fine* and *Morris Weissberg* for interveners, respondents. Since no fraud, bad faith or advantage to any applicant was shown, the inclusion of questions allegedly taken from Glendinning's book in this " open book " type of examination did not affect the validity of the examination as a test of the relative merit and fitness of the applicants. Since the answers were rated by an absolute standard and not by their excellence relative to each other, petitioners' failing marks in the examination were not affected by the possibility that Glendinning's book might have helped other applicants to pass the examination. In any event, the commission acted within its discretion in re-examining upon equivalent questions, without further choice of subject matter or questions, those applicants who answered any of the disputed questions. (*People ex rel. Caridi* v. *Creelman,* 150 App. Div. 746; *People ex rel. Finnegan* v. *McBride,* 226 N. Y. 252; *Matter of Fitzgerald* v. *Conway,* 275 App. Div. 205; *Matter of O'Brien* v. *Delaney,* 255 App. Div. 385, 280 N. Y. 697; *Matter of Immediato* v. *Kern,* 254 App. Div. 672, 278 N. Y. 680; *People ex rel. Moriarty* v. *Creelman,* 206 N. Y. 570; *Matter of Pollak* v. *Conway,* 276 App. Div. 435; *Matter of Firshein* v. *Reavy,* 263 App. Div. 490, 289 N. Y. 712; *People ex rel. Braisted* v. *McCooey,* 100 App. Div. 240; *Matter of Allaire* v. *Knox,* 62 App. Div. 29; *People ex rel. Buckley* v. *Roosevelt,* 19 App. Div. 431; *Matter of Marcellus,* 165 N. Y. 70; *Mandeville* v. *Reynolds,* 68 N. Y. 528.)

*Per Curiam.* In our opinion, the defects which concededly made the original examinations noncompetitive were not cured

by the supplemental examination given only to those candidates who had selected questions that were subsequently excised from the original examinations. Hence, we think Special Term was right when it (1) directed the municipal civil service commission to annul the original examination of October 22, 1949; (2) directed the commission to annul the supplemental examination of October 9, 1950; and (3) enjoined the commission from certifying an eligible list based upon such examinations.

Whether the petitioners who were unsuccessful candidates are personally aggrieved is a question we need not decide. For as citizens of the State they may insist upon competitive civil service examinations as required by section 6 of article V of the State Constitution (*Matter of Cash* v. *Bates,* 301 N. Y. 258).

We do not mean to imply, however, that they are here entitled to an order directing the holding of another examination. The desirability of that course ought to be determined by the civil service commission of the city of New York.

The order of the Appellate Division and that of the Special Term should be reversed and the matter remitted to Special Term for further proceedings not inconsistent with this opinion, with costs in this court and in the Appellate Division.

LOUGHRAN, Ch. J., LEWIS, DYE and FROESSEL, JJ., concur in *Per Curiam* opinion; DESMOND and FULD, JJ., dissent; CONWAY, J., not sitting.

Orders reversed, etc. [See 304 N. Y. 738.]