De Forest C. Pitt, J.
This is an article 78 proceeding brought to restrain respondents, Mary Goode Krone, as President of Civil Service Commission of the State of New York and Alexander A. Falk, as Civil Service Commissioner of the State of New York, constituting the New York State Civil Service Commission, and the Department of Civil Service, from conducting an examination for the position of associate personnel administrator and to enjoin and direct the respondents to grant to the petitioner a new examination and to provide proper advance notice of the same and to enjoin further respondents from certifying any appointments for the said position until such new examination has been proposed. Petitioner, a civil service employee, is a candidate for the said position.
This court has heretofore granted a stay pendente lite restraining the respondents, the Department of Civil Service of the State of New York, from conducting an examination for the said position.
The examination announcement provides that candidates will be required to take a qualifying written test and that all candidates passing such written test will be called to take an oral test.
The said announcement further sets forth the scope of the qualifying written test and of the oral test as follows: “ The written test will be designed to test for a knowledge of per *1064 sonnel administration and its relation to management, and of effective methods of dealing with personnel problems in state agencies. It will include such areas a job analysis and classification; recruitment; selection; and placement of employees ; supervision and interpersonal relations; employee training and evaluation; employee services and employee relations; and administrative judgment. The oral test will be designed to evaluate candidates’ ability to comprehend and evaluate administrative problems and propo.se reasonable solutions; to establish and maintain satisfactory interpersonal relations; and to present ideas logically and effectively.”
The essence of the petitioner’s position is that the proposed examination is unconstitutional and illegal by virtue of the disproportionate weight given to the oral portion of the examination. Petitioner maintains that the notice provides for a noncompetitive written examination which will produce no relative ratings, but that all rankings on the list from which appointments are to be made will be determined exclusively by the oral examination, thereby giving to the oral examination a weight of 100%. Petitioner also advances the contention that the majority of the duties of the position will be examined for in the qualifying written examination and that the oral test will only evaluate abilities of the candidates which are essentially subjective in nature.
Respondents maintain that the written examination will serve to determine those candidates who have a good knowledge of the principles and methods of personnel administration and that differences in the degree of knowledge possessed by candidates over and above the thereby established high miuimum required level of knowledge will bear little or no meaningful relationship to successful performance on the job. Respondents maintain that it is for this reason that the written test is qualifying only and that the abilities critical to successful job performance in the position are the abilities tested for by the oral test and the ones upon which the candidates will be ranked. Further, respondents’ contention is that the written test represents an important part of the total examination of the candidates and may quite possibly result in more failures than the oral test, and for these reasons the oral test cannot be considered as having a weight of 100%. It is further maintained by respondents that the proposed oral test will be sufficiently objective to meet the requirements that the examination be competitive and that the petitioner improperly seeks to condemn the oral test in advance, without any allegations of fact *1065 showing that the test will fall short of legal requirements of competitiveness.
‘ ‘ Appointments and promotions in the civil service of the state * * * shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive ” (N. Y. Const., art. V, § 6). An examination to be competitive must employ an objective standard or measure. (Matter of Fink v. Finegan, 270 N. Y. 356; Matter of Bucalo v. Kaplan, 19 A D 2d 478.) An oral examination of subject matter of a subjective nature must be sufficiently objective “ so that they may be intelligible to other competent examiners who may review them * * * This necessarily means that some disclosure be made in the record of the elements which entered into the judgment of the examiners.” (Matter of Bucalo v. Kaplan, supra, p. 479.)
Unlike the Fink and Kaplan cases the court is here presented with a consideration of an examination before the same is held. To consider presently whether or not sufficiently objective standards will be used in the evaluation of the candidates in the proposed oral examination would be to indulge in speculation. The court has before it no information regarding the same and in this respect the respondents’ position is well taken.
The court feels however, that respondents’ contentions are not in all respects sound.
While this court does not here condemn the use of oral examinations in a proper case and to a proper degree it does however acknowledge that the same are by their very nature more subjective in quality than a written examination and again by their nature are more subject to manipulation for unreasonable and unconstitutional ends. It would clearly appear therefore, that the same should be as far as possible avoided or minimized in relative weight as a matter of policy to best effectuate the constitutional purpose. In viewing the proposed plan or form of the examination it appears that the attempt of the parties hereto to ascribe a weight of 100% or less to the oral portion of the same is but to indulge in unnecessary semantics. It appears sufficient to note that it is clear that all who pass the written examination will not have faired equally well upon the same and yet they will be equal upon entering the oral examination. It is the oral examination which will be in the true sense competitive.
Considering respondents’ contention that the written examination will select candidates with the required high minimum knowledge and that the possession of further or greater knowledge will serve no useful purpose in the fulfillment of the duties *1066 of the position, it appears that the same upon its face, is a most ambitious statement if not an arbitrary one. Assuming however, that respondents are possessed with the divine-like ability to demarcate clearly between that degree of knowledge which will be useful and that which is superfluous, it is nevertheless felt that respondents have failed to show the reasonableness, necessity or even the practicability of at least all aspects of the oral examination. It is noted that the written examination will be designed to test for a knowledge of “ administrative judgment ’ ’, while the oral examination is designed, in part, “ to evaluate candidates’ ability to comprehend and evaluate administrative problems and propose reasonable solutions.” If the scope of inquiry of the two examinations is not identical the same is clearly overlapping.
This is not then a case where the existence of a particular ability or quality of a candidate can solely or best be determined through oral examination. While it is strongly suspected the entire scope of inquiry of the oral examination can be equally well covered and the candidates’ abilities or qualities equally well determined by means of a written examinataion, it is sufficient here to point to the one field of inquiry to be examined both by written examination and orally in concluding that a determination to examine orally appears arbitrary and capricious and to be an abuse of discretion tending to negate the constitutional purpose.
Petitioner should therefore be granted the relief sought.