■ In the Matter of ELLEN PARSER, Respondent, v. MARY G. KRONE et al., Constituting the New York State Civil Service Commission, et al., Appellants.— *Per Curiam.* The appellants, hereafter referred to as the Commission, published a notice for a promotion examination for associate personnel administrator. The notice provided for a qualifying written test and a subsequent oral examination for those who passed the written test. The final grade was

to be based only on the oral test with the addition of two tenths of a point for each year of competitive service. The scope of the written and oral tests was described in the notice as follows: "SCOPE OF QUALIFYING WRITTEN TEST: The written test will be designed to test for a knowledge of personnel administration and its relation to management, and of effective methods of dealing with personnel problems in State agencies. It will include such areas as job analysis and classification; recruitment, selection, and placement of employees; supervision and interpersonal relations; employee training and evaluation; employee services and employee relations; and administrative judgment. SCOPE OF ORAL TEST: The oral test will be designed to evaluate candidates' ability to comprehend and evaluate administrative problems and propose reasonable solutions; to establish and maintain satisfactory interpersonal relations; and to present ideas logically and effectively." Those who had passed the qualifying written examination with a high mark would enjoy no advantage over others whose mark might be merely a passing grade. Annexed to the answer of the appellants is an affidavit of a chief recruitment representative in charge of a unit of the examinations division. He states that according to his recollection an open-competitive written examination for this position given in 1949 resulted in success of candidates who "had ample knowledge of procedures and techniques of personnel administration, but lacked sound judgment to solve problems, the ability to deal effectively with others, and ability to present ideas effectively." In 1961 an examination, which became a pattern for the instant examination was, according to his statements, conducted and thereafter the "New York State Personnel Council, an organization of the personnel directors of all State departments and agencies, specifically requested that the same plan used in 1961 be followed in the 1964 examination." He adds that it was the opinion of Commission consultants that, although incumbents of the position involved must have a good knowledge of principles and methods of personnel administration, differences among candidates in such knowledge "above a certain minimum required level of knowledge" bear little or no meaningful relationship to successful performance", and that, in the judgment of the consultants, among a group of candidates who demonstrate the minimum required level of knowledge of principles and methods, "the critical measure with which to rank such candidates as to their relative merit and fitness for promotion  *  *  *  is a test of their respective *abilities* to evaluate problems and arrive at sound judgments, to maintain effective interpersonal relations, and to present ideas effectively." "These", he advises, "are the abilities tested for, and on which the candidates were ranked, by the 1961 competitive oral test." He also states that "The courts have recognized that it is possible to conduct an oral test that employs measures or standards which are sufficiently objective to meet the requirement that the examination be 'competitive'" and that "It is the intention of the Civil Service Department that the oral test be conducted in the examination for Associate Personnel Administrator will employ such standards and measures." On the basis of the evidence submitted the petitioner has failed to establish that the Commission was arbitrary in proposing to base rank on a wholly oral examination with appropriate credit for prior service, which credit is not complained of. The court enjoined the Commission from proceeding further with the examination and granted certain incidental relief prayed for in the petition. Although the petitioner is not aggrieved by having taken and failed the examination, we do not question her standing to bring this article 78 proceeding (*Matter of Andresen* v. *Rice*, 277 N. Y. 271, 281; *Matter of Chironna* v. *Watson*, 304 N. Y. 255, 259). But at this posture prior to the conclusion of the examination we are unable to

make a determination as to compliance with the application of required objective standards and the petitioner's case has not developed to a point where review may be had. Judgment reversed, on the law and the facts, and petition dismissed, without costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur. [41 Misc 2d 1063.]