Mario Pittoni, J.
In this proceeding pursuant to article 78 of the CPLR, judgment is granted in favor of respondent dismissing the petition.
Petitioner, on behalf of himself and (allegedly) 11 other named candidates for promotion to positions of Police Lieutenant or Police Captain in the Nassau County Police Department, contends that respondent was arbitrary and capricious in canceling the examinations No. 70-221 and No. 70-220 held on November 16, 1968. Examination of the papers submitted does not reveal facts to show an abuse of the discretionary power granted to respondent to “ rescind any examination” (Civil Service Law, § 25, subd. 1, par. [d]).
In its decision of December 19, 1968, respondent stated that the examinations were canceled “ on the basis of the investigation report which indicated that a number of the candidates taking these examinations had access to previously used questions that appeared on these tests. Respondent-commission found that some items appearing on the November tests had been used in a 1964 examination and had been removed by unknown persons, in violation of Civil Service security measures. These items had been circulated among an unknown number of candidates in the Captain and Lieutenant examinations ”. The exhibits concerning the investigation, which was made following the receipt of complaints from other candidates and from the Police Commissioner, reveal that there was a rational basis for the conclusion of respondent to cancel the examinations (see Matter of 125 Bar Corp. v. State Liq. Auth., 24 N Y 2d 174, on issue of rational basis for administrative decision). Many of the 89 candidates for promotion to Police Lieutenant and of the 44 candidates for Police Captain promptly complained that the examination was unfair. One of the complainants who reported on or about November 19, 1968 that he saw six sheets of paper in a station house squad room and which were rumored to contain copies of answers to 15 questions which appeared on the 1964 examination for Police Lieutenant, is one of the 11 candidates allegedly represented by petitioner in this proceeding. Respondent interviewed candidates and investigated the charges.
On the basis of the thorough investigation which the exhibits reveal, it was reasonable to conclude that some of the candidates in Nassau County were in an unfair competitive position. Whether or not respondent may have been negligent in the preparation of an examination which used many questions from one prior examination is not helpful to petitioner; the alleged negligence does not bar respondent from rescinding or canceling such examination when it realizes the examination *483 is not truly competitive, at least before a list has been prepared and appointments made (Matter of Chironna v. Watson, 304 N. Y. 255; Matter of Ebling v. New York State Civ. Serv. Comm., 305 N. Y. 221).