George L. Cobb, J.
This is an article 78 proceeding, in the nature of mandamus, in which the petitioners seek a judgment directing the Governor, the Director of the Budget and the Comptroller, the respondents herein, to expend no further moneys in accordance with certain provisions of the State Purposes Budget, the Local Assistance Budget, the Capital Construction Budget and the Supplemental Budget (L. 1969, chs. 48, 49, 50 and 340). The petitioners bring this proceeding as *29 members of the New York State Assembly and as taxpayers and citizens of this State.
This proceeding was commenced originally in Supreme Court, New York County, where respondents moved for a change of venue to Albany County and moved to dismiss the proceeding on the grounds, among others, that the petitioners did not have legal standing to bring the proceeding and that the proceeding was not timely under CPLR 217. Special Term (Bloustein, J.) denied all motions of the respondents and granted judgment on the merits to the petitioners, holding certain parts of the State budget unconstitutional (Matter of Posner v. Rockefeller, 60 Misc 2d 597). On appeal, the Appellate Division, First Department (33 A D 2d 683), reversed the order denying despondents’ motion for a change of venue, vacated Special Term’s order and judgment and remanded this proceeding to Special Term, Albany County, for further proceedings, and .the respondents were granted permission to file an answer, which is now before the court. Further appeal was taken to the Court of Appeals, wherein the Appellate Division’s, order was affirmed without opinion (25 N Y 2d 720).
The petitioners contend that certain parts of the appropriation bills submitted by the Governor and enacted into law by the Legislature are unconstitutional when measured against the requirements contained in article VII of the New York State Constitution. They allege in their petition that the appropriation bills are unconstitutional in that (1) they contain instances of lump sum appropriations without proper itemization; (2) the Director of the Budget is given authority to transfer funds between certain programs; and (3) they limit expenditures on given programs to an amount less than the total of line appropriations for that program.
It is the position of the petitioners that article VII of the New York State Constitution mandates complete itemization of expenditures in appropriation bills and that, due to the form in which the Governor submitted the instant appropriation bills, the petitioners, as Assemblymen, were unable to properly discharge their duties under section 4 of article VII, which provides that ‘1 The legislature may not alter an appropriation bill submitted by the governor except to strike out or reduce items therein, but it may add thereto items of appropriation provided that such additions are stated separately and distinctly from the original items of the bill and refer each to a single object or purpose ”.
Respondents contend that the Constitution requires not complete itemization, but, rather, a complete plan of expenditures, *30 to be submitted to the Legislature via the executive budget and appropriation bills, that itemization is required only as to separate object or purpose, which itemization was properly supplied in these appropriation bills, and that the complained of provisions were proper and necessary under the theory of an executive budget as embodied in article VII of the Constitution, to provide for flexible and efficient functioning of State government.
This proceeding having been remanded to this court, as outlined above, it must be treated de novo for the purpose of these “ further proceedings”. Therefore, it is necessary that the questions of law raised by respondents’ motion to dismiss be considered at the outset, before considering the proceeding on the merits.
It must first be determined whether petitioners, either as citizen-taxpayers or as Assemblymen, have standing to attack the constitutionality of the appropriation laws in question. This court concerns itself first with their standing as citizen-taxpayers.
In St. Clair v. Yonkers Raceway (13 N Y 2d 72, 76), it was held, following a strong line of prior authority (Bull v. Stichman, 273 App. Div. 311, affd. 298 N. Y. 516; Schieffelin v. Komfort, 212 N. Y. 520; Doolittle v. Supervisors of Broome County, 18 N. Y. 155), that “ the constitutionality of a State statute may be tested only by one personally aggrieved thereby, and then only if the determination of the grievance requires a determination of constitutionality.”
Following St. Clair (supra), Flast v. Cohen (392 U. S. 83) was decided in 1968. Flast considered a taxpayer’s attack upon portions of Titles I and II of the Elementary and Secondary Education Act of 1965, under which money was being spent for the benefit of private as well as public education. It was alleged that Congress, by an unconstitutional exercise of its taxing and spending power (U. S. Const., art I, § 8) had violated, in enacting this law, the plaintiffs ’ right under the First Amendment to be secure from any law establishing or benefiting religion. The Supreme Court held, in Flast, that a taxpayer had standing to sue when he questioned expenditures under a statutory enactment which was in violation of a specific constitutional limitation upon the taxing and spending power of Congress, but not when he attacked a law only on the grounds that it violated a general power delegated to Congress. Petitioners do not bring themselves as citizen-taxpayers within the rule of Flast v. Cohen, even were that the New York rule. In the matter before this court there is no allegation that petitioners are personally aggrieved. They allege nothing more substantial than a depriva *31 tion of possible benefits caused by executive action subsequent to the enactment of these appropriation bills, to wit, the transfer of funds between programs during the course of the fiscal year. Accordingly, this court is constrained to follow St. Clair v. Yonkers Raceway (supra), and holds that the petitioners have, as citizen-taxpayers, no standing to attack the constitutionality of these laws.
Next considered is petitioners’ standing as Assemblymen. A public official has standing to attack a statute only if it affects him, in his official capacity, by a denial of some due process or equal protection. (See City of Buffalo v. State Bd. of Equalization & Assessment, 26 A D 2d 213; Matter of Bond & Mtge. Guar. Co., 249 App. Div. 25.) The petitioners argue that their duties under section 4 of article VII of the State Constitution, as it relates to their actions on appropriation bills submitted by the Governor, have been made impossible to perform, or nullified, by reason of the form in which the appropriation bills were submitted to the Legislature. Certainly, on matters of this importance, judicial review must be preserved. Otherwise, the actions of the executive branch of government would be unchecked in this vital area of budgetmaking. However, this article 78 proceeding was not commenced until after enactment of these appropriation bills, when petitioners’ constitutional duty was at an end. When this duty ended, so, too, ended the petitioners ’ ‘i official ’ ’ standing to attack the constitutionality of these laws. It is interesting to note that People v. Tremaine (281 N. Y. 1), wherein similar budgetary questions were litigated, was tried to a conclusion before the fiscal year began. (At the time of Tremaine, the fiscal year began July 1. By chapter 1 of the Laws of 1943 the fiscal year’s commencement was changed to its present date of April 1.) This proceeding not having been instituted while the appropriation bills were pending, but after their enactment by the Legislature, the petitioners had, at the time they instituted this proceeding, no standing in their official capacity to bring the proceeding.
Moreover, insofar as the petitioners, as Assemblymen, challenge the form in which the appropriation bills were submitted by the Governor, this proceeding must be dismissed as untimely. CPLB 217 requires that ‘1 a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner ”. Here the determination sought to be reviewed is the act of the Governor in submitting appropriation bills which the petitioners claim are unconstitutional in form. The original appropriation bills, provisions of which are here in contention, were introduced *32 in the Legislature on January 21, 1969, and became law upon passage by the Legislature, without further action by the Governor. (N. Y. Const., art. VII, § 4.) Therefore, January 21, 1969 was the date on which the act of the Governor in submitting the appropriation bills became final and binding on the petitioners. This proceeding not having been commenced until July 1, 1969, the petitioners are barred from relief. (CPLR 217.)
Accordingly, for the reasons stated herein, the petition is dismissed. In view of this determination, the merits of the
proceeding are not reached.