Russell G. Hunt, J.
The action is one for a declaratory judgment seeking to declare unconstitutional the appropriation bills enacted in chapters 50, 53 and 54 of the laws of 1971 and to enjoin the defendants from acting pursuant thereto in the matter of the discharge of State employees. It appears that reduced departmental appropriations call for the lay-off of thousands of employees by the simple expedient of withholding funds without the direct abolition of positions and providing for lump-sum appropriations for personal services and for necessary health, welfare, regulatory, and other public services (see exhibits attached to order to show cause.)
Three of the individual plaintiffs are employed in permanent positions in the compétitive class of the Civil Service, one is *955 employed in the noncompetitive skilled class, and one is employed in the professional noncompetitive class. All, citizens, have lost their positions by action of department heads and not by act of the Governor or Legislature in striking line items. It is obvious that they are aggrieved parties. They have a right to maintain the action (Matter of Chironna v. Watson, 304 N. Y. 255; Matter of Parser v. Krone, 23 A D 2d 516; Matter of Andresen v. Rice, 277 N. Y. 271).
A temporary injunction pending the determination hereof was sought in order to hold up the lay-off of employees and after a full and extensive argument and upon the papers the preliminary injunction was granted.
The defendants, without answering, have cross-moved for summary judgment and the parties have stipulated that judgment may be granted ‘ ‘ either in favor of the defendants or the plaintiffs without further motion ” (defendants’ brief, page 2). Accordingly, the pleadings are to be liberally construed and the relevant allegations of the complaint and the reasonable inferences that may be drawn are to be accepted as true.
The complaint alleges that the Governor’s budget and the bills he submitted and the bills enacted fail to comply with State Constitution (art. VII, §§ 2, 3) in that they do not contain “ a complete plan of expenditures proposed to be made ” (§2) but rather contain “lump sum appropriations” and fail to contain itemizations which are necessary for consideration by the legislature to enable it to exercise its function under section 4 wherein it has the power “ to strike out or reduce items ’ ’ contained in the Governor’s appropriation bills; thereunder the Legislature may add “ items ” which must be stated separately from ‘ ‘ the original items of the bill and refer each to a single object or purpose” and such added “separate items ” shall be subject to the Governor’s approval. The Governor failed to comply with the Constitution. He submitted a lump-sum budget.
The Governor, under the Constitution, may not submit lump-sum budgets and appropriation bills and the Legislature may not enact lump-sum appropriations. The Legislature, by means of the bills enacted, has abdicated its function of stating policy and. giving direction thereto, by its delegation of the power to department heads to decide legislative policy and to spend without establishing standards and limitations therefor. People v. Tremaine (281 N. Y. 1) is clear, plain and explicit that the Governor and the Legislature may not do what they have done herein. It was held in that case that budgets and appropriation *956 bills must be broken down into items so that it may be known how much money may be spent and for what purposes. This is fundamental, and in spite of other attempts in the past to evade the Constitution, as in this case, the law of this State is today what the Court of Appeals stated it to be in 1939 in Tremaine (supra). 'The Attorney-General argues that the first Tremaine case (252 N. Y. 27) is to the contrary. He overlooks the second Tremaine case (281 N. Y. 7), wherein the court said that the former 11 is not an authority justifying lump sum appropriations.” There has been no showing that itemization is impractical, and under the stipulation it is accepted as true that itemization is practical. Judgment is granted to the plaintiffs. Other points were argued but they are subsidiary to the foregoing decision and a decision thereon is not necessary.