Lois M. Hidley et al., Respondents, *v.* Nelson A. Rockefeller, as Governor of the State of New York, et al., Appellants.

Third Department, May 12, 1971.

388

*Louis J. Lefkowitz, Attorney-General (Ruth Kessler Toch, Julius L. Sackman* and *Jean M. Coon* of counsel), for appellants.

*De Graff, Foy, Conway & Holt-Harris (John Carter Rice* of counsel), for respondents.

*Per Curiam.* This is an appeal from a judgment of the Supreme Court, entered in Albany County, which declared that certain appropriation bills submitted by the Governor and passed by Legislature in 1971 (the State Purposes Budget, the Local Assistance Budget and the Capital Construction Budget) violate article VII of the New York Constitution and permanently enjoined defendants from terminating the employment of State civil servants under the authority of such legislation. Appeal has also been taken from the order which granted a motion for a preliminary injunction.

The complaint alleges that the budget and appropriation bills submitted by the Governor as well as the appropriation bills enacted by the State Legislature contain lump sum appropriations in violation of sections 2, 3 and 4 of article VII. Plaintiffs further allege that they have not been afforded due process and have been denied the equal protection of the laws, and that defendants have reassigned the duties of dismissed personnel in contravention of section 6 of article V of the State Constitution. Defendants moved to dismiss the complaint for failure to state a cause of action, which Special Term, upon stipulation of the parties, elected to treat as one for summary judgment, and granted the relief demanded in the complaint.

In ruling that the subject appropriations were invalidly enacted, Special Term relied upon *People* v. *Tremaine* (281 N. Y. 1, 10), in which the Court of Appeals construed the relevant provisions of the Constitution as requiring that: " The appropriations so far as practicable or possible are to be itemized as submitted, and the limitation on the Legislature is to reduce or strike out the items."

Recognizing that the posture of the instant action differs from *People* v. *Tremaine,* it is our opinion that the Constitution, either expressly or as construed in *Tremaine,* does not mandate the submission and enactment of a line-item budget in the form contended by the plaintiffs. "The Constitution means that the budget, and the appropriation bills accompanying it, shall be broken down into items sufficient to show what money is to be expended, and for what purpose. * * * The items must be sufficient to furnish the information necessary to determine whether in the judgment of the Legislature all that is demanded should be granted or is required." (p. 5). In construing the word "items", which is the crux of the controversy, "we must remember * * * that details must not run into absurdities, and only those details need be given which are necessary or appropriate to show where and for what the money is to be spent. For instance, it is not necessary to state the salaries of all clerks or of all stenographers, but it may be appropriate to state the number that is required to do such class of work and the lump sum that is to be appropriated for the purpose." (p. 10). "In between the two extremes we must rely on the Executive and Legislative branch of the government to provide a budget sufficiently itemized to comply with the spirit and words of the Constitution, and yet containing lump sum appropriations when experience in the line of work or in the department shows that details and items in a budget would be impracticable or almost impossible — unworkable." (p. 12).

The details which would be considered practicable and workable at the time of the *Tremaine* decision, when the executive departments employed less than a third of the present work force and the total State budget was less than $410 million, are not the same 30 years hence, when the Legislature is called upon to exercise its authority over appropriations in excess of $7 billion.

While the 1971–72 budget and appropriation bills do not, in most instances, list individual employees and salaries, or materials and supplies, we cannot say that they are not broken down into items sufficient to show what money is to be expended and for what purpose. Nor has there been any showing that the Legislature was not furnished information sufficient to exercise its power over appropriations or that the Legislature improperly made substitutions in the Governor's appropriation bills. Plaintiffs have not fulfilled their heavy burden of demonstrating unconstitutionality, every intendment being in favor of the validity of the enactment (*Wiggins* v. *Town of Somers,* 4 N Y 2d 215, 218–219; *Lincoln Bldg. Assoc.* v. *Barr,* 1 N Y 2d 413,

415, 418; *Farrington* v. *Pinckney*, 1 N Y 2d 74, 78). Upon this record, we perforce conclude, as a matter of law, that the Executive and Legislative branches sufficiently complied with the purpose and letter of the Constitution.

If, as asserted, individual plaintiffs have been discriminated against in the layoff and transfer of State civil service personnel, appropriate avenues of relief are afforded by article 78 of the CPLR. (*Industrial Group Serv.* v. *Cantor,* 24 A D 2d 1032.)

The judgment appealed from should be reversed, and judgment entered in favor of defendants declaring that there has been no violation of article VII of the New York Constitution. The appeal from the preliminary injunction should be dismissed as academic.

REYNOLDS, J. (concurring). I concur in the result reached on the merits, but I would reverse because of the lack of standing of all respondents (*St. Clair* v. *Yonkers Raceway,* 13 N Y 2d 72, 76; *Matter of Posner* v. *Rockefeller,* 26 N Y 2d 970).

HERLIHY, P. J., GREENBLOTT, COOKE and SIMONS, JJ., concur in *Per Curiam* opinion. REYNOLDS, J., concurs in the result in a separate opinion.

Judgment reversed, on the law, without costs, and judgment granted in favor of defendants in accordance with the opinion herein. Appeal from order entered April 29, 1971 dismissed, without costs.