Chief Judge Fuld (dissenting).
I agree with Judge Breitel that the plaintiffs have standing to bring this action but differ with him on the merits of the appeal.
In my view, the budget and the appropriation bills under consideration are so devoid of essential detail as to fail to comply with article VII of the Constitution of this State. As this court declared in People v. Tremaine (281 N. Y. 1, 5), “ The Governor’s budget is to be itemized so as to show of what the estimates consist. The information necessarily consists of items. The Constitution means that the budget, and the appropriation bills accompanying it, shall be broken down into items sufficient to show what money is to be expended, and for what purpose. It is information the Governor must give, and it is the items giving this information which is embodied in his appropriation bills.” (Italics supplied.) This does not mean that the Constitution requires that a budget bill has to be submitted in strict line item form but it does demand that an appropriation must be sufficiently itemized and detailed to permit intelligent and meaningful action by the Legislature. “ The Governor is obliged ”, the court also stated in Tremaine (281 N. Y., at p. 10), u to furnish the items or information making up the appropriation, and cannot submit it as a lump sum. The appropriation for a department must be in such form that the Legislature may be able to strike out or reduce any of its items.” (Emphasis supplied.)
The respondents urge that the principles enunciated in the Tremaine case would, if rigidly followed today, require a return to the line item format which, they assert, is no longer appropriate. A good many years have elapsed since Tremaine was handed down and significant improvements in budget techniques have, it is true, been developed during those years but the general principles laid down in the Tremaine case are not fundamentally inconsistent with these new techniques. According to the Constitution, and it reads today precisely as it read in 1939 when this court decided Tremaine, there must be sufficient detail to enable the Legislature to reduce or eliminate appropriations it deems unwise or unnecessary without affecting the funds available for purposes it considers desirable. The problem or, more precisely, the vice in this case is not the abandonment of the line item approach in favor of a more modern method of presentation but, rather, that, in attempting to apply such modern techniques, the *448 Governor presented appropriation bills so lacking in detail as to render it impossible for the Legislature to meaningfully carry out the responsibility imposed upon it by the Constitution.
The invalidity of the budget bills does not, however, depend solely on the absence of such essential detail. Although the distinction between an impermissible ‘ ‘ lump sum ’5 and the requisite ‘ ‘ item ’ ’ may be a matter of degree, the provisions which permit the free interchange and transfer of funds are unconstitutional on their face. In other words, while the aggregation of a number of items into a lump sum hinders the Legislature in exercising its power to reduce or strike out items in a budget bill, the free interchange provisions eliminate that power in its entirety. They enable the executive branch, even after a legislative decision has been made, to directly contravene and override the Legislature’s intent by shifting funds from one item to another. It is claimed that the use of such interchanges was merely an extension of a long-accepted practice, embodied in several provisions of the State Finance Law. The claim does not reflect the fact; with certain very limited exceptions (see, e.g., State Finance Law, § 51), the statute has always provided that “ Money appropriated for a specific purpose shall not be used for any other purpose ” (State Finance Law, § 43), and the Constitution requires no less. To sanction a complete freedom of interchange renders any itemization, no matter how detailed, completely meaningless and transforms a schedule of items or of programs into a lump sum appropriation in direct violation of article VII of the Constitution.
To suggest that the courts are powerless to declare appropriation bills unconstitutional—on the ground that they contain lump sums or insufficiently detailed items—merely because the Legislature did not request more or greater detail (opn. of Bbeitel, J., pp. 444—445), is startling and dangerous doctrine. The circumstance that the legislators may choose to accept or act upon budget bills presented, no matter how inadequate, cannot and should not condone or validate what is unconstitutional and impermissible. The constitutional mandate that there be budgetary itemization and detail may not be evaded by the executive or legislative branch of government, whether acting separately or jointly. In the words of this court in the Tremaine case (281 *449 N. Y., at p. 11), “ the fundamental law [is] binding on us all, Judiciary, Governor, Legislature.”
I would reverse the order appealed from and reinstate the judgment entered at Special Term.
Judges Burke, Scileppi, Bergan and Gebson concur in memorandum ; Judge Breitel dissents and votes to affirm in an opinion in which Judge Jasen concurs; Chief Judge Fuld dissents and votes to reverse the order appealed from and to reinstate the judgment of Special Term in a separate opinion.
Order modified, without costs, and the complaint dismissed solely upon the ground that plaintiffs lack standing to sue.