NEW YORK PUBLIC INTEREST RESEARCH GROUP, INC., et al., Appellants, v HUGH L. CAREY, as Governor of the State of New York, et al., Respondents.

Third Department, December 30, 1976

*Dennis A. Kaufman* for appellants.

*Louis J. Lefkowitz, Attorney-General (Jean M. Coon* and *Ruth Kessler Toch* of counsel), for respondents.

HERLIHY, J. On January 20, 1976 the defendant Governor presented a proposed executive budget, together with proposed appropriation bills (State purposes budget; capital construction budget; local assistance budget) to the Legislature, as required by sections 2 and 3 of article VII of the New York State Constitution. Thereafter the Senate Finance Committee and the Assembly Ways and Means Committee in exercising their appropriate duties of evaluating the proposed budget on behalf of the Legislature and making recommendations prepared a document entitled "Report of the Fiscal Committees on the Executive Budget: Fiscal Year April 1, 1976 to March 31, 1977" (hereinafter referred to as "Report").

The Report contains a letter of transmittal to the Governor which recites that it is being submitted to him "for your consideration" and "to assist you in the administration of the State government." The Report also contains a letter of transmittal to the defendant Comptroller which states: "[i]t is legislative intent that these budgetary findings be received as guidelines for administrative application in the new fiscal year." The Report recommended certain changes in the proposed State purposes budget and in conjunction therewith recited that certain specific job titles should be abolished. One appropriate example would be in the Department of Environmental Conservation where the Report recommended a reduction in the amount requested by the Governor and specified that a portion of such reduction was the abolition of the position of "Coordinator of environmental conservation community relations ($25,000)."

On or about March 17, 1976 the Legislature enacted the State purposes budget as chapter 50 of the Laws of 1976. The

statute reduced certain items in the Governor's proposed budget bill in accordance with the totals recommended in the Report; *however,* in some instances the statute specifically abolishes positions as recommended in the Report and in other instances the reduction is made but there is no provision for eliminating any particular job title.

The newspapers carried information that the Governor did not intend to abolish those positions set forth in the Report but not specified in the statute. Thereupon the plaintiffs commenced this action as taxpayers or representing taxpayers pursuant to article 7-A of the State Finance Law seeking declaratory and injunctive relief (State Finance Law, § 123-b). They seek to enjoin the defendants from paying salaries to those officers named in the Report as positions which were being deleted and a declaration that the proposed appropriation bills submitted by the Governor did not meet the requirements of article VII of the Constitution because they were not itemized.

Regardless of standing, it is apparent that the complaint is without any legal merit as was held by Special Term. In the absence of some duly enacted resolution of the Legislature there is nothing which would indicate any intent by the members thereof that the Report is to be followed as a plan in reducing personnel. The recommendations of a legislative committee do not necessarily represent the intent and purpose of the entire Legislature unless the contrary clearly appears. The action of the Legislature in specifically adopting the Report in certain portions of chapter 50 of the Laws of 1976 by stating that certain positions were to be abolished and by not so stating in other portions is sufficient to destroy reliance upon the Report as establishing the intent to abolish certain positions where the legislation is silent thereto. Special Term succinctly resolved the issue by stating that since the Legislature "specifically abolished some positions and programs in the bill itself it can reasonably be concluded that those not so specifically itemized were not designated or intended for deletion". (86 Misc 2d 329, 332.) Accordingly, the plaintiffs have failed to establish that a reduction in the amount appropriated from that requested necessarily abolished the positions enumerated in the Report.

While it *might* be possible that certain positions have been abolished by indirection through the failure to appropriate any funds or the implied repeal of statutory authority upon

which the positions were dependent, the mere mention of those positions in the Report is not decisive. The complaint is legally insufficient to present a cause of action for a declaratory judgment or injunction in regard to job titles or positions in general (cf. *Ball v State of New York,* 52 AD2d 47). There is not presented any statute or resolution of the Legislature which would give the report the force of law and the mere reduction of a portion requested by the Governor cannot by any stretch of the imagination be said to be "ambiguous" so as to require some form of judicial construction. In the absence of a pleading which first establishes a necessity for judicial construction there is no basis for a declaratory judgment or injunctive relief and no cause of action for such relief is, therefore, pleaded as a matter of law. Article 7-A of the State Finance Law does not purport to authorize purely advisory opinions or to enjoin governmental action in the absence of a prima facie pleading of illegality.

The plaintiffs would not appear to have any possible status to raise an issue of constitutionality based upon the form of the Governor's proposed budget bills as it is apparent that their sufficiency would be a matter which the Executive and Legislature could readily resolve with a taxpayer and citizen being interested only in the constitutionality of the appropriation bill as enacted by the Legislature. In any event, in *Hidley v Rockefeller* (36 AD2d 387, mod 28 NY2d 439) this court held that the budgetary procedure as followed by the Governor herein was constitutional.

The order should be affirmed, without costs.

MAHONEY, J. (concurring). I concur, but feel constrained to distinguish this case from *Ball v State of New York* (52 AD2d 47) wherein I dissented from the view that a position legislatively created can only be eliminated by legislation containing job or position identity similar to that in creative act. In *Ball* I expressed the view that the requisite "direct action" by the Legislature could be gleaned from other factors, such as budgetary elimination of any appropriation for the subject position, elimination of any appropriation for the department in which the subject position is located, a transference of all positions and employees and the moneys for their salaries to another department with the direction that the second department discharge all the duties of the department eliminated. In this case there is a complete absence of such particularity in

the State purposes budget (L 1976, ch 50, enacted March 17, 1976). .

KOREMAN, P. J., SWEENEY and MAIN, JJ., concur with HERLIHY, J.; MAHONEY, J., concurs in a separate opinion.

Order affirmed, without costs.