OPINION OF THE COURT
Edward J. Greenfield, J.
On September 13 and 14, 1976, the New York State Senate Committee on Insurance held a hearing, the subject of which was the recent increase in automobile insurance rates and the availability of automobile insurance in New York State. The instant article 78 proceeding is brought by the chairman of that committee, State Senator James R. Dunne, who owns an automobile insured by Vigilant Insurance Company and James March, a resident of the State, who owns an automobile insured by Allstate. Petitioners commenced this proceeding on December 1, 1976, in which they seek a judgment annulling determinations made by respondent, Superintendent of Insurance, approving rate increases for 21 automobile insurers since July 1, 1975 and suspension of all such increases pending a review thereof by respondent. The basis of the proceeding is petitioner’s contention that respondent and his staff failed to include the investment income of the insurers as required by section 176 of the State Insurance Law in determining whether the rates comply with the standards of that section, to wit, that rates not be excessive, inadequate, unfairly discriminatory, destructive of competition or detrimental to the solvency of insurers.
Initially, the court must deal with the threshold issues of standing and timeliness. Article 78 proceedings exist for the relief of parties personally aggrieved by governmental action (Matter of Ahern, 7 AD2d 538). The petition challenges some increases granted to 21 insurers; however, petitioners do not *50 have standing to challenge respondent’s approval of rate increases granted to insurers other than Vigilant and Allstate. Petitioner’s reliance on Matter of Procaccino v Steward (60 Misc 2d 551, revd 32 AD2d 486, affd 25 NY2d 301) is misplaced. In Procaccino, an individual who was directly aggrieved by the challenged Blue Cross rates was added as a petitioner, thus rendering the standing issue moot. Neither petitioner is personally aggrieved by rate increases granted to other than Vigilant or Allstate, and petitioner Dunne has no standing solely by virtue of his chairmanship of the State Insurance Committee (see, e.g., Matter of Posner v Rockefeller, 26 NY2d 970; Matter of Donohue v Cornelius, 17 NY2d 390; Matter of Mitchell v Poston, 41 AD2d 886, affd 33 NY2d 569).
Moreover, insofar as petitioners challenge respondent’s approval of the rate increases, this proceeding would have to be dismissed as untimely with respect to all approvals granted prior to August 1, 1976. CPLR 217 requires that "a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding on the petitioner” (Matter of Posner v Rockefeller, 62 Misc 2d 28, affd 33 AD2d 314, affd 26 NY2d 970). All of the challenged rate increases affecting petitioners became final prior to August 1, 1976.
In addition, insofar as petitioners seek a judgment suspending the challenged rate increases until respondent reviews the applications therefor in compliance with section 176, the petition appears academic. In the first place, pursuant to subdivision 5 of section 677, auto insurers are required to refund any excess profits resulting from all automobile insurance written from January 1, 1974 through December 31, 1976. Moreover, it appears that respondent has in fact reviewed the applications to assure that investment income was taken into account. If Senator Dunne believes that the manner in which investment income is included in reviewing automobile insurance rates is inadequate the remedy would appear to be legislative. Based on the foregoing, the petition is dismissed.