WALTER A. SAXTON et al., Appellants, v HUGH L. CAREY, as Governor of the State of New York, et al., Respondents.

Third Department, March 29, 1978

**APPEARANCES OF COUNSEL**

*Ira M. Ball* for appellants.

*Louis J. Lefkowitz, Attorney-General (Jean M. Coon* and *Ruth Kessler Toch* of counsel), for respondents.

## OPINION OF THE COURT

*Per Curiam.*

In this action plaintiffs, who are citizen-taxpayers, allege that the 1978-1979 State budget and accompanying appropriation bills as submitted by the Governor to the Legislature are unconstitutional on the ground that they do not comply with sections 1 through 4 of article VII of the State Constitution. Subsequent to the commencement of their action, plaintiffs moved for a preliminary injunction and defendants cross-moved to dismiss the complaint on the ground that it failed to state a cause of action.

Special Term, relying upon the Court of Appeals' decision in *New York Public Interest Research Group v Carey* (42 NY2d 527), held that since the budget had not been enacted by the Legislature a judicial determination of the constitutionality of the proposed budget would be advisory only and, therefore, dismissed the plaintiffs' complaint as premature. The court noted, however, that judicial intervention would constitute "an impermissible invasion of the Legislative Branch of Government by the Judicial, clearly afoul of the doctrine of Separation of Powers of Government."

Since the act that is claimed to be repugnant to the Constitution is the failure *by the Governor* to *submit* itemized appropriation bills and not the failure by the Legislature to *enact* an itemized budget, the crucial factors of *New York Public Interest Research Group v Carey (supra)* are all satisfied in this case. The proper parties are before the court. Additionally, if, as plaintiffs contend, the 1978-1979 budget bills as submitted by the Governor are not sufficiently itemized, the Legislature is not empowered to correct the deficiencies. Although the Legislature may add its own itemized appropriations to the submitted bills, the State Constitution prevents it from striking out items from the submitted appropriation bills and substituting more detailed appropriations (NY Const, art VII, § 4; *People v Tremaine,* 281 NY 1). Consequently, the probability of a budget being enacted which does not correct the alleged defects of the submitted bills is great. The violation is not in the future, but has already occurred and the remedy is within the control of the parties. Therefore, the case is not premature. The provisions of subdivision 1 of section 123-b of the State Finance Law which confer standing upon a citizen-taxpayer to maintain an action for declaratory and injunctive relief against a State officer

who is causing or is *"about to cause a wrongful expenditure, misappropriation, misapplication, or any other illegal or unconstitutional disbursement of state funds"* is supportive of this conclusion.

In the instant case, the facts are undisputed and the parties have extensively briefed and argued the constitutionality of the budget and accompanying appropriation bills. Consequently, even though the present appeal is from an order granting a motion to dismiss, the court will proceed to convert the motion to dismiss to a motion for summary judgment and grant the judgment which Special Term could or should have granted (CPLR 3211, subd [c]; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.44; *Matter of Knickerbocker Field Club v Site Selection Bd. of City of N. Y.,* 41 AD2d 539).

Defendants contend that the relief requested by plaintiffs requires judicial interference in the legislative process and, therefore, would be improper as a violation of the doctrine of separation of powers. A constitutional issue, however, is raised by the plaintiffs. In such a situation, if the Constitution is truly rather than only peripherally involved, courts have considered the case, albeit with a proper appreciation of the delicacy of the situation *(Matter of Board of Educ. v City of New York,* 41 NY2d 535; *New York Public Interest Research Group v Steingut,* 40 NY2d 250. See, also, *Matter of Gottlieb v Duryea,* 38 AD2d 634, affd without opn 30 NY2d 807, cert den 409 US 1008).

While we agree with that portion of Judge BREITEL's dissent in *Hidley v Rockefeller* (28 NY2d 439, 444-445) that the specifics or lack thereof in appropriation bills supportive of a proposed budget are essentially the concern of the Governor and Legislature, we, nevertheless, feel that where a citizen-taxpayer raises an issue regarding the constitutionality of the appropriation bill, as submitted, the "narrowest of instances test" is satisfied and compels judicial intervention at least to the extent of resolving the constitutional issue *(Wein v Carey,* 41 NY2d 498, 505).

The plaintiffs rely on *People v Tremaine* (281 NY 1, *supra)* to support their position that the Governor has a constitutional duty to itemize appropriation bills accompanying his budget. The *Tremaine* case did not involve the duty of the Governor to itemize the appropriation bills but rather involved the right of the Legislature to substitute lump-sum appropriations for particularized items submitted by the Gov-

ernor. The court concluded (p 11) that "[T]he Legislature may not alter an appropriation bill by striking out the Governor's items and replacing them for the same purpose in different form". The court, however, clearly recognized that in order for the Legislature to fulfill its constitutional obligation it was constitutionally required that the Governor itemize his appropriation bills (see *Hidley v Rockefeller, supra,* p 444 [dissenting opn, BREITEL, J.]).

Specifically, the court stated (p 5): "The Constitution means that the budget, and the appropriation bills accompanying it, shall be broken down into items sufficient to show what money is to be expended, and for what purpose. * * * [T]he items must be sufficient to furnish the information necessary to determine whether in the judgment of the Legislature all that is demanded should be granted or is required."

With respect to the degree of intemization, the court observed (p 10): "we must remember * * * that details must not run into absurdities, and only those details need be given which are necessary or appropriate to show where and for what the money is to be spent. For instance, it is not necessary to state the salaries of all clerks or of all stenographers, but it may be appropriate to state the number that is required to do such class of work and the lump sum that is to be appropriated for the purpose."

Here, considering the size of present work force and the fact that the executive budget is in excess of 11.5 billion dollars, we cannot say that the appropriation bills accompanying the budget are not sufficiently itemized to show what money is to be expended and for what purpose *(Hidley v Rockefeller,* 36 AD2d 387, mod 28 NY2d 439).

We now turn to what we consider the more troublesome constitutional issue, namely, whether the transfer provisions in the current appropriation bills serve to de-itemize that which would otherwise be itemized bills and are, therefore, unconstitutional.

In support of their constitutional challenge to the transfer provisions plaintiffs rely upon former Chief Judge FULD's dissent in the *Hidley* case. The 1978-1979 State purposes appropriation bill provides in section 1 as follows: "Notwithstanding the provisions of that state finance law, appropriations shall be controlled by the total of the amount provided for each program and within each program by the total of the amount provided for personal service expenses and by the

total of the amount provided for maintenance and operation expenses."

■ The provision is clearly more restrictive than the broad transfer provisions considered by Chief Judge FULD in *Hidley.* Moreover, it appears to be even more restrictive than the interprogram transfer provisions that were incorporated into the State Finance Law by the Legislature following the comptroller's successful challenge to the constitutionality of the unrestricted transfer provisions contained in the 1972-1973 appropriation bills *(Levitt v Rockefeller,* 69 Misc 2d 337; see, e.g., State Finance Law, §§ 50, 51). Giving the words of section 1 their ordinary meaning, we conclude that the present appropriation bill only permits *intraprogram* transfers and not *interprogram* transfers and, therefore, is not unconstitutional. Intraprogram transfers are not only necessary but salutary for the purpose of departmental management of funds.

The order should be modified, on the law, without costs; the complaint should be reinstated, and judgment directed to be entered in favor of the defendants declaring that the 1978-1979 State budget and accompanying appropriation bills as submitted by the Governor to the Legislature are constitutional, and, as so modified, affirmed.

STALEY, JR., J. (dissenting). We are unable to agree with the majority that the present appeal is not premature. It is not the function of the judiciary to interfere with the legislative process in adopting the budget for the State. There is no finality to pending legislation, and it is not until legislation has been enacted as a statute that the function of the judiciary becomes involved to pass upon the constitutionality of a properly enacted law.

It should be noted that those cases which have passed upon the constitutuionality of budget appropriations have all involved budget appropriations that have been adopted *(Hidley v Rockefeller,* 28 NY2d 439; *People v Tremaine,* 281 NY 1; *Matter of Posner v Rockefeller,* 62 Misc 2d 28, affd 33 AD2d 314, affd 26 NY2d 970).

"Our deliberations must begin with an awareness of the respect due the legislative branch, which finds articulation in the precept that 'as a matter of substantive law every legislative enactment is deemed to be constitutional until its challengers have satisfied the court to the contrary' *(Montgomery v Daniels,* 38 NY2d 41, 54). Even more important in this

instance is respect for the basic polity of distribution of powers in our State government, and the exercise of a proper restraint on the part of the judiciary in responding to invitations to intervene in the internal affairs of the Legislature as a co-ordinate branch of government—'it is not the province of the courts to direct the legislature how to do its work'. *(People ex rel. Hatch v Reardon,* 184 NY 431, 442; cf. *Norwick v Rockefeller,* 33 NY2d 537)." *(New York Public Interest Research Group v Steingut,* 40 NY2d 250, 257.)

The order appealed from should be affirmed upon the ground that the action is premature *(New York Public Interest Research Group v Carey,* 42 NY2d 527; cf. *Matter of State Ind. Comm.,* 224 NY 13).

MAHONEY, P. J., SWEENEY and KANE, JJ., concur in *Per Curiam* opinion; STALEY, JR., and LARKIN, JJ., dissent and vote to affirm in an opinion by STALEY, JR., J.

Order modified, on the law, without costs; complaint reinstated, and judgment directed to be entered in favor of the defendants declaring that the 1978-1979 State budget and accompanying appropriation bills as submitted by the Governor to the Legislature are constitutional, and, as so modified, affirmed.