OPINION OF THE COURT
Gabrielli, J.
This court is presented with a frontal attack on the entire 1978-1979 State budget. It is urged that this budget for the operation of the State of New York is invalid and that both the executive and legislative action on the budget for the operation of the State as well as for aid and assistance to local governments, are violative of the State Constitution. These three plaintiffs have brought this action for declaratory relief seeking a judgment declaring the budget to be constitutionally infirm and, further, they seek to enjoin the Governor, legislative leaders, the fiscal committees of the Senate and Assembly, and the Legislature itself from "exercising any and all alleged functions, powers, authority, duties, rights and responsibilities relating to the legislative process of enacting” the budget and implementing budget bills.
Noting that the budget at that time had not yet been *548 approved by the Legislature, Supreme Court dismissed the complaint as premature. The Appellate Division reinstated the complaint, reasoning that since the gravamen of the complaint went to the claimed failure of the Governor to submit a proper budget, and not any action or failure to act by the Legislature, this action was not premature. That court then declared the budget to be valid.
Initially, we note that the Legislature has since adopted the budget in substantially the same form in which it was submitted by the Governor. Accordingly, we need not consider the arguments presented below concerning prematurity, and we shall instead turn to the merits of the controversy before us.
Appellants correctly urge that the Governor is required to submit an "itemized” budget to the Legislature (NY Const, art VII, §§ 1-7; People v Tremaine, 281 NY 1). They argue that the challenged budget is insufficiently itemized to provide the Legislature with the information necessary for that body to properly perform its constitutional role as the ultimate guardian of the public fisc. They also suggest that the inclusion in the budget of a provision allowing the transfer of funds within particular programs and departments following passage of the budget by the Legislature, unconstitutionally precludes effective legislative control over the expenditure of public funds.
A similar challenge was made to the 1971-1972 budget in Hidley v Rockefeller (28 NY2d 439). There we found that the plaintiffs lacked standing to challenge the budget, and thus the court did not reach the merits of that challenge. In light of our subsequent holding in Boryszewski v Brydges (37 NY2d 361), no such barrier precludes the challenge now before the court.
The dispositive question presented by this case is the extent to which the courts of this State may intervene in the budgetary process in order to ensure that the methodology prescribed by the Constitution is properly utilized. The issue is a basic one, involving the application of certain principles fundamental to our system of government. It is, of course, beyond question that the Constitution does require itemization (see People v Tremaine, supra). Appellants argue quite properly that it is the responsibility of this court to apply and enforce the will of the people as expressed in our Constitution, even if this results in considerable practical difficulty (see Bethlehem Steel Corp. v Board of Educ., 44 NY2d 831); see, also, NY Const, art VI, § 3, subd b, par [8]); and they urge *549 that no branch of government may avoid the mandate of the Constitution (see, e.g., Matter of Greene, 166 NY 485). From this, they would have us conclude that it is a proper function of the courts to police the degree of itemization necessary in the State budget. We cannot agree with this conclusion, for it would require the courts to assume a role for which they are neither constituted, suited, nor, indeed, designed.
Our State government, like the Federal Government, is a tripartite institution, with power variously distributed between three coequal branches (see NY Const, art III, § 1; art IV, § 1; art VI). It comprises a system of checks and balances intended to ensure "the preservation of liberty itself, which is ended by the union of the three functions in one man, or in one body of men. It is a fundamental principle of the organic law that each department should be free from interference, in the discharge of its peculiar duties, by either of the others” (People ex rel. Burby v Howland, 155 NY 270, 282; see, also, People ex rel. Broderick v Morton, 156 NY 136). The power of the judiciary is as subject to such limitations as is that of its co-ordinate branches of government, for the spectre of judicial tyranny is no more palatable to a free people than is the threat of an uncontrolled executive or legislative branch.
Under our system of government, the creation and enactment of the State budget is a matter delegated essentially to the Governor and the Legislature. The Governor, as chief executive officer, has the responsibility and the obligation to ascertain the financial needs of the various departments and projects of the State government, and to submit to the Legislature for its consideration a budget and various appropriation bills incorporating those needs (NY Const, art VII, §§ 2, 3). It is for the Legislature to review that proposed budget, and to approve or disapprove of the various expenditures proposed by the Governor (NY Const, art VII, § 4). For the Legislature to intelligently fulfill its proper role, it is of course necessary that the budget be itemized, lest the Legislature simply be presented with a lump sum which could be spent at the discretion of the Governor.
No one disputes the need for itemization, and indeed, the present budget is certainly itemized to a considerable extent. Appellants urge us to review the extent of that itemization, and to determine whether it accords with the intent of the Constitution. The Constitution, however, does not prescribe any particular degree of itemization. As then Judge Breitel *550 correctly stated in his dissent in the Hidley case, "[t]here is a constitutional mandate to itemize. There is no constitutional definition of itemization. There is no judicial definition of itemization and no inflexible definition is possible. Itemization is an accordion word. An item is little more than a 'thing’ in a list of things. A house is an item, and so is a chair in the house, or the nail in the chair, depending on the depth and purpose of the classification. The specificness or generality of itemization depends upon its function and the context in which it is used. In one context of a budget or appropriation bill the description of 1,000 police officers within a flexible salary range would be specific and particular; in another it would leave the appointing power with almost unlimited control. In one context an 'item’ of $5,000,000 for construction of a particular expressway might seem specific; in another, void of indication when, how, or where the expressway or segments of it would be constructed. This suggests that there is something of a battle over words in debating the need for items, rather than a grappling with a functional concept” (28 NY2d, p 444, supra).
As we noted above, itemization is necessary to facilitate proper legislative review of the. proposed budget. Since this is so, the degree of itemization necessary in a particular budget is whatever degree of itemization is necessary for the Legislature to effectively review that budget. This is a decision which is best left to the Legislature, for it is not something which can be accurately delineated by a court. It is, rather, a function of the political process, and that interplay between the various elected representatives of the people which was certainly envisioned by the draftsmen of the Constitution. Should the Legislature determine that a particular budget is so lacking in specificity as to preclude meaningful review, then it will be the duty of that Legislature to refuse to approve such a budget. If, however, as here, the Legislature is satisfied with the budget as submitted by the Governor, then it is not for the courts to intervene and declare such a budget invalid because of a failure to measure up to some mythical budget specifically delineating the exact fate of every penny of the public funds. "Direct concern with the degree of particularization or subdivision of items lies exclusively with the executive and legislative branches of government simply because they are the sole participants in the negotiation and adoption of an executive budget” (Hidley v Rockefeller, 28 *551 NY2d, p 445, supra [Breitel, J, dissenting]). Should a Legislature fail in its responsibility to require a sufficiently itemized budget, the remedy lies not in the courtroom, but in the voting booth.
A similar conclusion must prevail with respect to the provision for the intra-program transfer of funds after the budget has been approved. If the Legislature determines that the demands of government require a certain flexibility in the use of appropriated funds within a particular program or department, then the Constitution is satisfied, and the courts will not disturb that result. Thus, appellants’ challenge to the authorization contained in the budget to transfer funds within scheduled appropriations must also fall. "Transfer provisions are really strings attached to the appropriated items and to that extent 'de-itemize’ them depending how unrestricted or unconditioned are the transfer provisions. Consequently, transfer provisions are valid because the Legislature has enacted them, and thereby approved flexibility in the appropriated items. If the Legislature is or should become concerned that the transfer provisions give the Executive too much leeway and deprives them of the supervisory power they have and wish to exercise, the remedy is in their hands. The point is that there is no constitutional invalidity involved so long as ultimately, however done, the Executive proposed the appropriations and there is agreement as to the limitations and conditions they contain” (Hidley v Rockefeller, 28 NY2d, p 446, supra [Breitel, J., dissenting]).
We do not suggest by our decision today that the budgetary process is per se always beyond the realm of judicial consideration. Nor do we retreat in the slightest from our decision in People v Tremaine (281 NY 1, supra), in which we struck down a legislative attempt to invade the power of the executive to draft the budget. The courts will always be available to resolve disputes concerning the scope of that authority which is granted by the Constitution to the other two branches of the government. Today, we simply refuse to extend the power of the robe into an arena in which it was never intended to play a role. We hold only that the degree of itemization and the extent of transfer allowable are matters which are to be determined by the Governor and the Legislature, not by judicial fiat.
Accordingly, the order appealed from should be affirmed, without costs.
*552 Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.