■ ROBERT J. GAFFNEY, Respondent, v SUFFOLK COUNTY LEGISLATURE, Appellant. [699 NYS2d 476] —In an action, *inter alia,* for a judgment declaring unlawful resolutions 949-1997 and 950-1997 adopted by the defendant on November 6, 1997, which, *inter alia,* created contingency accounts for the 1998 Suffolk County budget, the defendant appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), entered March 1, 1999, which granted the plaintiff's motion for summary judgment declaring the resolutions void insofar as they provide for "contingency funds for certain items", and denied its cross motion, *inter alia,* for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that resolutions 949-1997 and 950-1997 adopted by the defendant on November 6, 1997, are unlawful in accordance herewith.

Robert J. Gaffney, as County Executive of Suffolk County, brought this action, *inter alia*, for a judgment declaring that Suffolk County Legislature's resolutions 949-1997 and 950-1997 approving the 1998 budget were unlawful.

The County Executive established that he has standing in this matter (*see, Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761; *Matter of City of New York v City Civ. Serv. Commn.*, 60 NY2d 436; *Matter of Dairylea Coop. v Walkley*, 38 NY2d 6; *Matter of Galvani v Nassau County Police Indem. Review Bd.*, 242 AD2d 64).

Pursuant to the Suffolk County Charter, upon presentation of the County Executive's proposed budget, the County Legislature may either add, increase, strike, or reduce an item or appropriation (*see*, Suffolk County Charter § C4-10). In response to the 1998 proposed budget, the County Legislature struck certain items from the budget and placed the money designated for those items into contingency funds, in essence creating funds for the same purpose and same amount in different form. In *People v Tremaine* (281 NY 1), the Court of Appeals stated that "the Legislature may not alter an appropriation bill by striking out the Governor's items and replacing them for the same purpose in different form [the Legislature] may, however, *add* items of appropriation * * * The items thus proposed by the Legislature are to be *additions*, not merely substitutions" (*People v Tremaine, supra*, at 11).

In this case, the County Legislature, by converting an appropriations fund into a contingency fund, acquired the power to determine if and when that money should be spent, which is a power properly within the control of the County Executive. In light of *People v Tremaine* (*supra*), it was improper for the County Legislature to substitute a contingency fund for an appropriations fund. Furthermore, the order and stipulation of 1991, which limited the use of contingency accounts to only those instances in which funding amounts are not ascertainable with reasonable predictability at the time of budget enactment, remains binding upon the parties because there exists no allegation of fraud or overreaching (*see, Matter of Galasso*, 35 NY2d 319; *Matter of Oak Beach Inn Corp. v Town of Babylon*, 162 AD2d 689). Therefore, the Supreme Court's determination that the resolutions were unlawful should be affirmed.

Since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the plaintiff (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Friedmann, J. P., Krausman, Goldstein and Smith, JJ., concur.