■ JULIANNA MARENGHI, Respondent-Appellant, v HARRISON J. GOLDIN, as Comptroller of the City of New York, et al., Appellants-Respondents.—Judgment, Supreme Court, New York County, entered March 28, 1977, unanimously modified, on the law and the facts, to the extent of directing respondent to pay petitioner 34 days additional accrued leave, with interest, and, as so modified, otherwise affirmed, without costs and without disbursements. The petitioner here entered New York City service in January, 1966, and served in an exempt capacity until December, 1969. In 1970, petitioner began a series of unclassified and/or noncompetitive positions until her resignation in May of 1975. In September, 1975, petitioner was paid for 194 days accrued leave and petitioned in Special Term for an additional 307 days, and was awarded 171 days of the 307 days claimed for a total of 365 days or one calendar year. This court, as does District Council 37, recognizes 261 days as the city's work year. Inasmuch as plaintiff has been paid for the

130 days accrued while employed by the city council and the 64 days accrued while secretary to the Comptroller, at issue now is the contested accrual of 307 days while employed by the Mayor's office. Executive Order No. 37, dated February 2, 1967, provided that employees in exempt positions would not be paid for accumulation of annual leave, overtime or sick leave. Plaintiff occupied an exempt position from January 17, 1966, to December 31, 1969, and defendants concede that she had accrued 34 days up to the effective date of Executive Order No. 37. Executive Order No. 26, dated October 13, 1970, limits lump sum recovery to payment for 12 months' service, and Executive Order 76, dated March 23, 1973, limits recovery to "the salary rate earnable in the year of termination", in this case $19,250. Even if this court were to lift the strictures of Executive Order No. 37, the plaintiff would still not be entitled to the generous award made by Special Term of 171 additional days, as this amount would carry her well beyond the confines of both Executive Orders Nos. 26 and 76. Plaintiff makes much ado about the wording of Executive Order No. 37, which while it prevented payment for accrued time did not prevent accrual and since it has now been superseded, she asserts her right to be compensated for her previously accrued leave. The intent was clearly to prevent the accrual of leave or overtime, by exempt employees, and to place on notice all exempt employees that they accrued leave or overtime at their peril. Subsequent executive orders did not vest in petitioner any right to compensation upon separation from service which did not exist at the time the service was rendered and therefore would be of no avail (see McKinney's Cons Laws of NY, Statutes, Book 1, § 51 *et seq.*). Plaintiff also seeks support for her position in section 1103-4.0 of the Administrative Code of the City of New York which provides that notwithstanding any other statute, the Mayor may authorize any agency head to require employees of any class to work overtime and be compensated therefor. Plaintiff considers this section to ease completely the restraints of Executive Order 37; however she makes no showing that the Mayor made any similar exception for those employed in his office. Thus, it would be futile for her to seek relief under this section of the Administrative Code. Settle order on notice. Concur—Kupferman, J. P., Lupiano, Evans and Markewich, JJ.