OPINION OF THE COURT
Irving A. Green, J.
This is a petition pursuant to CPLR article 78, brought by F. Edward Devitt, a resident of the Town of Montgomery, New York, and a duly elected legislator from the 18th District to the Orange County Legislature. The petition seeks to annul an action of the Orange County Legislature taken on April 10, 1981, consisting of the passage of Resolution No. 25 which authorized the County Executive of Orange County to enter into a contract of sale on the terms and conditions set forth in a contract of sale filed with the clerk of the legislature relating to a portion of certain premises known as Glenmere, located in the Towns of Chester and Warwick, Orange County, New York. The petition further seeks to prohibit the Orange County Executive from acting in furtherance of that resolution.
Subsequent to the commencement of this petition by order to show cause, a contract was executed by the Orange County Executive and a private purchaser for Glenmere, and was, however, made subject to the judgment of this court to be entered in this proceeding.
The petitioner contends that (1) the consideration and adoption of Resolution No. 25 of 1981 by the Orange County Legislature for the sale of Glenmere was made in violation of article 7 of the Public Officers Law known as the “Open Meetings Law” and in violation of the proper and lawful internal procedures of the Orange County Legislature itself; (2) that the property having been acquired for public purposes could not be disposed of without a prior determination it was no longer needed for public purposes; (3) that the property was not advertised for sale; (4) and that the sale is in violation of article 8 of the Environmental Conservation Law and the regulations promulgated pursuant thereto.
Respondents assert a cross motion seeking, inter alia, to dismiss the petition for failure to state a cause of action and for summary judgment in respondents’ favor.
*465 THE OPEN MEETINGS LAW
It is contended by petitioner that Resolution No. 25 of 1981, which authorized the private sale of Glenmere, was placed on the Orange County legislative agenda after the legislative session conducted on April 10, 1981, had commenced. After the resolution was introduced and placed on the agenda, an attempt was made by motion by a member of the legislature to adjourn consideration of Resolution No. 25 to a date to be fixed by the chairman of the legislature. Another motion was then made to go into closed executive session, and upon a roll call vote an executive session was declared and conducted. After the conclusion of the executive session, the motion to adjourn was defeated 16 to 5 and Resolution No. 25 of 1981 was approved by a majority of the Orange County Legislature. It is not disputed that petitioner was present during all of these proceedings and participated in the executive session.
The Open Meetings Law (Public Officers Law, art 7) was enacted to facilitate the awareness by the public of government processes and enable the public to be fully aware of and observe the performance of public officials. (Public Officers Law, § 95.) The law also provides that an executive session, meaning that portion of a meeting not open to the general public, may be called at the meeting of a public body. (Public Officers Law, §§ 97, 98.) However, the right to declare an executive session is not an unfettered right. A public body may conduct an executive session for certain purposes only enumerated by statute. (Public Officers Law, § 100.) The only purpose contained in the statute permitting the conducting of an executive session, which *is relevant to these proceedings, is for a “proposed *** sale of * * * real property * * * held by such public body, but only when publicity would substantially affect the Value thereof”. (Public Officers Law, § 100, subd 1, par h.) Therefore, before this executive session could properly be called, it must first be shown that publicity would substantially affect the value of the property. (Matter of Oneonta Star Div. of Ottaway Newspapers v Board of Trustees of Oneonta School Dist., 66 AD2d 51, 54.) The proofs submitted upon the petition and cross motion by respondents do not clearly *466 demonstrate that publicity would have substantially affected the value of the property. However, such failure of proof in that regard is not necessarily fatal to the viability and legality of the Orange County Legislature’s actions taken on April 10, 1981, in the passage of Resolution No. 25.
The New York State Legislature has declared in enacting article 7 of the Public Officers Law that the court shall have the power, in its discretion, upon good cause shown, (emphasis added), to declare any action or part thereof taken in violation of this article void in whole or in part. (Public Officers Law, § 102.) The Court of Appeals has held that inclusion by the State Legislature of this language vesting in the courts the discretion to grant remedial relief makes it abundantly clear that not every breach of the “Open Meetings Law” automatically triggers its enforcement sanction and it is petitioner’s burden to prove good cause exists to invoke the granting of judicial relief. (Matter of New York Univ. v Whalen, 46 NY2d 734.) Petitioner was present during the open and closed legislative sessions conducted on April 10,1981, and in his petition, petitioner avers that the total time spent in executive session was about 30 minutes.
Petitioner has not met his burden of proof that good cause exists for this court to implement any sanctions pursuant to article 7 of the Public Officers Law merely because on April 10, 1981, a 30-minute executive session was conducted prior to the adoption by majority vote of the legislature in open session of a resolution authorizing the sale of county-owned property pursuant to a local law on the books since July 13, 1979 (Local Law No. 11 of 1979). Neither is sufficient proof presented herein as would lead the court to find that informal private meetings, improper under the “Open Meetings Law”, occurred to such an extent, if at all, as to place the validity of the legislative process in question. (Cf. Matter of Orange County Pub., Div. of Ottaway Newspapers v Council of City of Newburgh, 60 AD2d 409, 416, affd 45 NY2d 947.)
THE INTERNAL PROCEDURES OF THE ORANGE COUNTY LEGISLATURE
Petitioner complains that Resolution No. 25 was *467 placed on the legislative agenda for April 10, 1981, after the legislative session commenced. Petitioner complains, among other things, that no appraisal was provided as to the market value of the Glenmere property to be sold or what the property to be sold consisted of in terms of the amount of acreage, improvements, and lake rights. While all of petitioner’s contentions may or may not raise questions as to the deliberative process, preparedness, or wisdom of the legislature in enacting Resolution No. 25, the issue before the court is whether such considerations are properly within the review jurisdiction of this court.
The placing of items upon the Orange County Legislature’s agenda, when and how they are ■ placed there, and whether a certain proposal will or will not go to a committee before voted on by the full body of the legislature are within the exclusive prerogative of the legislature to determine. This court cannot interject itself into the internal procedures of the legislature as to go behind the record made in the passage of legislation and impeach the validity of a law by showing that in its enactment some form or proceeding allegedly had not been properly followed or adopted by the legislature, which is the supreme lawmaker. (People v Devlin, 33 NY 269, 283.) Furthermore, the court does not find any proofs adequately demonstrate that the passing of Resolution No. 25 presents the exception to the above rule, namely, that one department of government, the judiciary, may review the acts of another co-ordinate and equal department of government, the legislature, as an incident to determine whether or not constitutional prescriptions that pertain to the exercise of legislative power have been complied with. (Matter of Board of Educ. v City of New York, 41 NY2d 535, 538; Schieffelin v Komfort, 212 NY 520, 530.)
Petitioner contends respondents’ acts are in contravention of the State Constitution in that the proposed sale of Glenmere at the proposed contract price constitutes a gift (NY Const, art VIII, § 1), in that the proposed sale price is less than fair consideration for the property. This contention is without merit.
Fundamental to our system of government is the doctrine of the separation of powers among the judicial, legis *468 lative and executive branches of the government. The power of this court to interfere with the executive or legislative business of respondents is, therefore; limited, and its exercise, to the extent permitted, should be marked by respectful constraint. (Board of Educ. v City of New York, supra, p 538.) It is only as a last resort that courts may properly strike down legislative enactments on the ground of unconstitutionality, and the one who attacks the constitutionality of the act of a lawmaking body has the burden of establishing such act’s invalidity beyond a reasonable doubt. (Wiggins v Town of Somers, 4 NY2d 215.)
The permissible limited judicial review of the acts of the respondents does not permit this court to regulate their official actions in this case as to the price or the adequacy of the consideration for the bona fide sale of the subject parcel of property. There is no sufficient proof that respondents have acted or are acting, in this instance, in' anything other than good faith. This court finds that respondents are effecting a bona fide sale of the subject property for valuable consideration as to indicate that the proposed sale is not a gift in disguise. (Van Curler Dev. Corp. v City of Schenectady, 59 Misc 2d 621, 626; Matter of Ross v Wilson, 284 App Div 522, 530, revd on other grounds 308 NY 605, 617.)
The court may not substitute its judgment for the judgment of the respondents as to the desirability and wisdom of this transaction. (Matter of Rosenthal v Hartnett, 36 NY2d 269, 273; Matter of Spielvogel v Ford, 1 NY2d 558; Lincoln Bldg. Assoc. v Barr, 1 NY2d 413; Matter of Bakers Mut. Ins. Co. of N. Y. v Department of Health of City of N. Y., 301 NY 21.)
PRIVATE SALE OF COUNTY PROPERTY
Petitioner contends that Local Law No. 3 of 1979 adopted by the Orange County Legislature which authorized Orange County to conduct private negotiations for its sale without public bid was contrary to section 215 of the County Law and, therefore, void. This contention is without merit. Subdivision (b) of section 2 of the County Law expressly provides, so far as here relevant: “This chapter shall apply to all counties, except that: *** (b) The *469 provisions of this chapter in so far as they are *** in conflict with any local law heretofore or hereafter adopted by a county under an optional or alternative form of county government, shall not be applicable to the county, unless a contrary intent is expressly stated in this chapter.”
The County of Orange is operating under an optional or alternative form of county government, namely, county charter (Municipal Home Rule Law, art 4; Local Law No. 8 of 1968).
Petitioner further contends Glenmere could not be sold without a legislative resolution that the property was no longer needed for public purposes. This contention by the petitioner is, apparently, posited upon subdivision 5 of section 215 of the County Law and opinions of the State Comptroller affecting actions by towns or villages. As hereinbefore stated, by virtue of subdivision (b) of section 2 of the County Law, the local law of the County of Orange supersedes the provisions of the County Law which are in conflict with it. The statutes governing activities of towns and villages are, of course, not applicable to counties.
The Glenmere property was acquired by Orange County pursuant to section 247 of the General Municipal Law, which statute authorizes the acquisition with public funds of real property for the preservation of open spaces and areas. Such acquisition of property for the preservation of open spaces and areas constitutes, according to the statute, a public purpose. The statute (General Municipal Law, § 247) does not prohibit the right of the legislature to sell property which the county acquired for the permitted purposes. The statute neither expressly nor impliedly requires the legislature to declare the property no longer necessary for any public purpose in order to effect its sale. However, in this instance the legislature has, in fact, declared, in Local Law No. 11 of 1979, that the portion of Glenmere Estates proposed to be sold is not needed for county reservoir lands which purpose is within the broad definition of “public purposes” intended in section 247 of the General Municipal Law.
STATE ENVIRONMENTAL QUALITY REVIEW ACT (SEQRA)
In enacting ECL article 8 the New York State Legis *470 lature declared a State policy to promote efforts which will prevent or eliminate damage to the environment and enhance human and community resources (ECL 8-0101). Petitioner has raised the issue of whether respondent has complied with this law.
Under ECL article 8 a “local agency” is defined as any governing body of a county. “Agency” means any State or local agency. (ECL 8-0105.) Agencies are directed to fully comply with the purposes and provisions of ECL article 8 and shall bring their policies into conformity with the procedures of ECL article 8. (ECL 8-0107.)
The reliance of respondents upon their own environmental regulations and procedures, as controlling so that Orange County was not, therefore, required to follow the regulations adopted by the Commissioner of Environmental Conservation set forth in 6 NYCRR 617, is misplaced. Firstly, ECL 8-0113 (subd 3, par [a]) directs that the agencies (i.e., Orange County) shall adopt such additional procedures as may be necessary for the implementation by them of this article consistent with the rules and regulations adopted by the commissioner, and such individual agency procedures shall be no less protective of environmental values, public participation, and agency and judicial review than the procedures therein mandated.
. Secondly, the relevant portions of Orange County’s Local Law No. 3 of 1977, states:
“Section 1. Definitions.
“(a) Unless the context shall otherwise require, the terms, phrases, words and their derivatives used in this Local Law shall have the same meaning as those defined in Section 8-0105 of the Environmental Conservation Law and Part 617 of Title 6 NYCRR.”
“Section 2. Effect.
“No decision to carry out or approve an action *** shall be made by the County Legislature * * * until there has been full compliance with all requirements of this local law and Part 617 of Title 6 NYCRR.”
“Section 3. Lists of actions.
“(a) Those actions listed in Section 617.12 of Title 6 NYCRR as Type I Actions are hereby deemed likely to have a significant effect on the environment.”
*471 Thus, respondents are constrained to take actions consistent with the commissioner’s regulations and, in any event, have, in fact, adopted those actions listed as “significant” by the Commissioner of Environmental Conservation.
The commission’s rules at 6 NYCRR 617 set forth a list of “Type I actions” which identify for agencies those actions that are more likely to require the preparation of environmental impact statements because of the significant effect on the environment it is presumed they will produce. (6 NYCRR 617.12 [a].)
The regulations at 6 NYCRR 617.12 (b) provide: “The following actions are Type I if they are directly undertaken, funded or approved by an agency: *** (4) the *** sale *** of 100 or more contiguous acres of land by a * * * local agency”.
The proposed sale of a portion of the Glenmere Estates involves the sale of more than 100 contiguous acres of land.
The court finds without merit respondents’ contention that the mere passage of Local Law No. 11 of 1979 met the legal requirement as a determination that the action, i.e., the sale of 100 or more contiguous acres, had no environmental significance on the area and an environmental impact statement was not, therefore, required. Furthermore, it should be noted that under the local regulations of Orange County (Local Law, 1977, No. 3 of County of Orange), the determination as to whether or not the proposed action herein may or will not have a significant effect on the environment is to be made by the Orange County Department of Planning. (Local Law, 1977, No. 3 of County of Orange; regulations, § 5.)
To support the respondents’ determination that no environmental impact statement is required concerning this proposed sale, the record must show that the respondents identified the relevant areas of environmental concern, took a hard look at those areas of concern and made a reasoned elaboration of the basis for its determination. It has been held that such a statement should be required when the action may fairly be said to have a potentially significant adverse effect. It should be noted that the State *472 enactment of SEQRA is more demanding than its Federal counterpart (National Environmental Policy Act, US Code, tit 42, § 4321 et seq.) in that the State act requires a statement for any action which “may” have a significant effect on the environment whereas the Federal act requires the statement only if the proposed action “significantly affects” the quality of the human environment. (H.O.M.E.S. v New York State Urban Dev. Corp., 69 AD2d 222.)
The record submitted herein fails to make a sufficient showing that the respondents have met the legal requirements in arriving at their determination that the proposed sale of the portion of Glenmere, which is the subject of this proceeding, has no environmental significance on the area.
Accordingly, the petition herein is granted to the extent of staying all further proceedings under the contract of sale herein pending compliance with the applicable provisions of SEQRA and a final determination by the appropriate authorities under said enactment has been made with respect to the proposed sale.of lands by respondents under such contract, to which determination this contract shall be subject.
The court has considered petitioner’s and respondents’ other contentions and finds them to be without merit.