OPINION OF THE COURT
Irving A. Green, J.
In this application commenced by order to show cause, the movant-petitioner, F. Edward Devitt, a member of the Orange County Legislature, seeks an order of this court, inter alia:
(1) to hold respondents Louis Heimbach, County Executive of Orange County, and the Legislature of Orange County, in contempt for their alleged failure to comply with a previous order and judgment of the court, dated June 23, 1981, issued in this proceeding;
(2) that the same previous order and judgment be modified to direct that Resolution No. 83 of 1981, adopted by the respondent, Orange County Legislature, and which authorized the sale of “glenmere”, be annulled and that a contract dated May 4, 1981, for the sale of county-owned property (“glenmere”) be annulled;
*90 (3) directing respondents to comply with such modified order; and
(4) that attorney fees be awarded petitioner.
By the prior decision of this court, it was determined that the action of the proposed sale of “glenmere” by respondent, County of Orange, was a Type I action and, accordingly, is deemed likely to have a significant effect on the environment. (Local Laws, 1977, No. 3 of County of Orange, §3; 6 NYCRR 617.12 [b].) The respondent was directed to comply with the applicable provisions of the State Environmental Quality Review Act (SEQRA) (ECL art 8) covering such type of actions. It is clear that the applicable provisions of SEQRA to the proposed action required the making and filing of an environmental impact statement (EIS). Instead, the respondent has filed an environmental assessment form together with a notice of non-significance that the proposed sale “will not have a significant effect on the environment” issued by the Orange County Department of Planning and Economic Development.
Subsequent to the decision of this court, dated May 28, 1981 (109 Misc 2d 463), upon which the foregoing order and judgment was granted, the Appellate Division of the Second Department in Matter of Rye Town/King Civic Assn. v Town of Rye (82 AD2d 474) determined, among other things, that literal, and not merely substantial, compliance with SEQRA is required and that the central practical means set forth in the law for the implementation of the policies underlying the adoption of SEQRA included the requirement that all agencies (within the meaning of which Orange County is included [ECL 8-0105, subd 3]) cause to be prepared an EIS with respect to any action which may have a significant effect on the environment. (ECL 8-0109, subd 2.) The prior decision and judgment of this court fully accords with such subsequent decision of the Appellate Division in this department.
Orange County enacted Local Law No. 3 of 1977 by which it established local policies and procedures to implement SEQRA (ECL 8-0113, subd 3).
The Orange County Legislature unequivocally asserted within subdivision (a) of section 3 of said Local Law No. 3 *91 that: “Those actions listed in Section 617.12 of Title 6 NYCRR as Type I Actions are hereby deemed likely to have a significant effect on the environment.” (Emphasis added.)
The sale of more than 100 contiguous acres of land by a local agency is listed in 6 NYCRR 617.12 as a Type I action. (6 NYCRR 671.12 [b] [4].)
The County of Orange’s failure to prepare an EIS for an action the county, itself, has as a matter of local law deemed likely to have a significant effect on the environment, is not excusable. (Matter of Rye Town/King Civic Assn. v Town of Rye, supra.)
This court is not persuaded by the argument propounded by respondents during oral arguments on this application that section 5 of Local Law No. 3 of 1977, grants, in this case, to the department of planning, jurisdiction to determine whether an action undertaken by the county may or will not have a significant effect on the environment; and that it was proper for the department of planning to find an EIS was not required. Section 5, when read together with section 3 of the local law, is found by this court to permit a determination by the Orange County Department of Planning as to the environmental impact of an action only where the Orange County Legislature has not itself otherwise determined the environmental impact of such action.
Clearly, Orange County Legislature by Local Law No. 3 of 1977 did not confer upon the department of planning the power to veto or override the legislature’s own determination expressed in subdivision (a) of section 3 of said local law that Type I actions “are hereby deemed likely to have a significant effect on the environment.”
The branch of the application seeking to hold respondents in contempt is denied. The prior decision and order of this court do not constitute appropriate predicates for such relief.
Accordingly, this court finds that respondents are required to prepare an environmental impact statement pursuant to law relative to the sale of the property known as “glenmere”, and the further proceedings under the contract of sale are hereby further stayed pending completion *92 of the EIS in accordance with law. (Cf. H.O.M.E.S. v New York State Urban Dev. Corp., 69 AD2d 222; Matter of TriCounty Taxpayers Assn. v Town Bd. of Town of Queens-bury, 79 AD2d 337; Matter of Rye Town/King Civic Assn. v Town of Rye, supra.)
In all other respects, the motion is denied.