(May 23, 1985)

■ SYDNEY BARROWS, Appellant, v STEVEN ROZANSKY, Respondent. — Order of the Supreme Court, New York County (Edwards, J.), entered December 4, 1984, denying plaintiff's motion for a preliminary injunction, vacating the temporary restraining order previously granted by Justice Stecher and *sua sponte* dismissing the complaint for failure to state a cause of action, is reversed, on the law, with costs, and the complaint reinstated and the preliminary injunction granted.

Plaintiff Sydney Barrows, the daughter of a socially prominent family, who traces her ancestry to the founding Pilgrims, was arrested in October of 1984 on a charge of promoting prostitution. Her arrest was sensationalized by the local news media. Defendant is a former lover of plaintiff. During their relationship, plaintiff permitted him to take photographs of her

in the nude. Plaintiff alleges that upon termination of their relationship, she requested a return of her photographs, but defendant responded that he could find neither the photographs nor the negatives. Upon plaintiff's arrest and instantaneous emergence into the public light, defendant came forward with the photographs taken approximately 11 years before plaintiff's notoriety and made them available to the media.

Plaintiff immediately instituted this action, pursuant to Civil Rights Law §§ 50, 51, seeking in her first cause of action to enjoin defendant from transferring, selling, distributing, using, displaying, assigning, promoting advertising or causing to be published, distributed, sold or reproduced her photographs without her consent and seeking in her second cause of action that defendant account for and disgorge all profits derived from his commericial sale of the photographs.

By order of Justice Stecher, plaintiff's application for a temporary restraining order was granted on October 19, 1984, pending a hearing on the motion for a preliminary injunction. At the preliminary injunction hearing, Justice Edwards denied the requested relief, vacated the temporary restraining order and, *sua sponte,* dismissed the complaint finding "that this pleading does not contain sufficient allegations of fact to state a violation of Sections 50 and 51 of the CRL, so as to warrant the issuance of a temporary injunction." The court concluded that the facts pleaded did not set forth a prohibited use of plaintiff's photographs for advertising or trade purposes and that all "that is fairly inferable from the complaint, is that defendant has sold and intend [*sic*] to sell other photographs of plaintiff to the news media for publication therein in connection with the reporting of plaintiff[']s activities." This use, being in connection with a "newsworthy event", was thereby held to be constitutionally privileged by the 1st Amendment and thus outside the proscription of the statute. The court also found that defendant was the "exclusive owner" of the photographs and possessed a proprietary right to sell or dispose of them without plaintiff's consent.

We note initially that the only judicially recognized relief for invasion of privacy in New York is the protection afforded the commercial misappropriation of a person's name or picture as set forth in Civil Rights Law §§ 50, 51. Section 50 provides a penal sanction for the use of a person's name portrait or picture for "advertising purposes" or "purposes of trade" without first having obtained written consent from such person. Section 51 provides a related civil cause of action for injunctive relief and compensatory and exemplary damages. While recently our Court of Appeals has stated that sections 50 and 51 must be

construed strictly, as they are in derogation of the common law (*Shields v Gross,* 58 NY2d 338, 345), it is equally true that we must, to the contrary, afford pleadings a fair and liberal construction.

Modern pleading rules focus on whether the pleader has a cause of action, not whether he has properly stated one. (*Rovello v Orofino Realty Co.,* 40 NY2d 633, 636.) Upon a motion to dismiss a pleading for legal insufficiency, "the court must assume that its allegations are true (*Denihan Enterprises v O'Dwyer,* 302 NY 451, 458), and must deem the complaint to allege whatever can be inferred from its statements by fair and reasonable intendment, however imperfectly, informally or illogically facts may be stated therein (*Condon v Associated Hosp. Serv. of N. Y.,* 287 NY 411)." (*Pace v Perk,* 81 AD2d 444, 449.) Since it is clear that Special Term chose to dismiss the complaint on legal insufficiency and not summary judgment grounds pursuant to CPLR 3211 (c), 3212, we can confine ourselves to the allegations of the complaint itself and revert to accompanying affidavits for the limited purpose of remedying any defects in the complaint. (*Rovello v Orofino Realty Co.,* 40 NY2d, at p 636.)

Clearly, plaintiff sufficiently pleaded a cause of action. Her complaint states, *inter alia,* that defendant has without her consent sold her photographs "for his own personal and commercial gain" and has "unjustly profited from the despicable commercial sale", in violation of New York Civil Rights Law §§ 50, 51, causing her serious and irreparable harm. Plaintiff's affidavit and that of her attorney further state that the use "for trade purposes by selling and providing them in the State of New York to the press". In the face of these clear allegations, defendant submitted no answer to the complaint and raised no defense to the action.

In accepting as we must plaintiff's allegations as true, the conclusion is inescapable that she has alleged a cause of action cognizable under the statute. The nonconsensual sale of a person's photograph to a newspaper alleges an unauthorized use under the statute for purposes of trade. (*See, Holmes v Underwood & Underwood,* 225 App Div 360, 362.) The trial court's conclusion that defendant was the exclusive owner of the photographs and did not need plaintiff's consent to sell them finds its basis only in defendant's attorney's affidavit submitted in opposition to the motion for the preliminary injunction, which was improperly considered on the court's *sua sponte* motion to dismiss for legal insufficiency. (*See, Rovello v Orofino Realty Co., supra.*) Moreover, an attorney generally has insufficient personal knowledge so as to properly make such a conclusory

allegation. Rather, the court was obliged to accept as true plaintiff's allegation that, while she consented to the taking of the photographs, at no time did she consent to their commercial or other use. Furthermore, it is well established that consent to have a photograph taken does not equate with written consent to use for advertising or trade purposes, which consent is expressly required by the right to privacy statute. (*Brinkley v Casablancas,* 80 AD2d 428, 434.)

Equally erroneous was the trial court's conclusion that a cause of action was not made out for the use of "purposes of trade" because the use of the photographs here fell within the ambit of that constitutionally protected by the 1st Amendment, that is, use in connection with a matter of public interest. If a sale of a photograph for profit, which otherwise would be for trade purposes, is used in "reasonable connection" with the publication of a "matter of public interest", such use is privileged and constitutes constitutionally protected free speech. (*Davis v High Socy. Mag.,* 90 AD2d 374, 381.) However, to be privileged such use must be legitimately related to the informational value of the publication and may not be a mere disguised commercialization of a person's personality. (*Gautier v Pro-Football, Inc.,* 304 NY 354, 359; *Stephano v News Group Pubs.,* 98 AD2d 287, 290; *Brinkley v Casablancas,* 80 AD2d at p 433; *Lahiri v Daily Mirror,* 162 Misc 776, 782.)

In the matter at bar plaintiff alleges an unauthorized, exploitative commercialization of the use of her photographs in unreasonable connection with the stories of her arrest, and her complaint and accompanying affidavits fairly infer that defendant intends to make future uses of her nude photographs, which may be in a manner unrelated to her arrest story. These allegations must be accepted as true, and they adequately state a cognizable claim under Civil Rights Law §§ 50, 51. Accordingly, the complaint should be reinstated.

Additionally, plaintiff's motion for a preliminary injunction should be granted, since plaintiff has indicated probable success on the merits, possible irreparable injury through the widespread publication of her nude photographs and a balance of equities in her favor. (*Tucker v Toia,* 54 AD2d 322, 324.) Concur — Murphy, P. J., Carro, Bloom and Rosenberger, JJ.

Milonas, J., dissents in part in a memorandum as follows: In my opinion, Special Term appropriately dismissed the first cause of action, which seeks a declaration that defendant's conduct was in violation of Civil Rights Law §§ 50, 51.

Plaintiff concedes that if defendant had merely given the photographs in question to the media, he would not have been

engaged in conduct contrary to sections 50 and 51. However, it appears to be plaintiff's position that because he sold the pictures, instead of supplying them to the newspapers for free, he was guilty of an unauthorized use for purposes of trade or advertising. Since there is no dispute that the publication of the photographs herein was constitutionally protected (*Arrington v New York Times Co.*, 55 NY2d 433; *Murray v New York Mag. Co.*, 27 NY2d 406; *Dallesandro v Holt & Co.*, 4 AD2d 470), and "this holds true though the dissemination of news and views is carried on for a profit or that illustrations are added for the very purpose of encouraging sales of the publications" (*Arrington v New York Times Co., supra,* at p 440), the determinative factor, according to plaintiff, thus becomes defendant's mercenary motives.

Yet, Civil Rights Law §§ 50, 51 expressly protect individuals from the improper invasion of their privacy in connection with trade or advertising. The statute cannot be reasonably construed in such a manner that an otherwise valid use of photographs for the purpose of elucidating and illustrating news accounts of plaintiff, her background and the criminal charges against her, is suddenly transformed into an impermissible use by virtue of defendant's having made a monetary gain from furnishing these photographs. Indeed, a clear reading of the applicable provisions indicates that it is the use of the pictures which is crucial, and the use by the newspapers of plaintiff's photographs was constitutionally guaranteed. In that regard, defendant's commercial exploitation of the pictures, while reprehensible, simply does not amount to a violation of the Civil Rights Law. Moreover, plaintiff does possess an adequate remedy against defendant as is evident from the claim asserted in her second cause of action.