■ GRAND REALTY COMPANY, Appellant, v CITY OF WHITE PLAINS et al., Respondents.—In an action for declaratory and injunctive relief, the plaintiff appeals from an order of the Supreme Court, Westchester County (Palella, J.), entered September 5, 1985, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated. The defendants' time to serve their answer is extended to 20 days after service upon it of a copy of this decision and order, with notice of entry.

In this action, the plaintiff seeks to prevent the sale by the defendants of certain parcels of land located adjacent to its property, to a developer, Klein and Associates (hereinafter Klein), in connection with an urban renewal project. The complaint charges, *inter alia,* that the designation of Klein by the Common Council of the City of White Plains as a qualified and eligible sponsor for the project and the approval of the sale to it were carried out in violation of General Municipal Law § 507 (2) and the rules and regulations of the defendant White Plains Urban Renewal Agency. It was also charged that the consideration received for the parcels was grossly disproportionate to the fair market value of those parcels and an illegal waste of municipal assets.

The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. Special Term granted the motion, finding that the plaintiff failed to substantiate its claim that the approval was illegal or unconstitutional or that it was legally harmed. We now reverse.

It is axiomatic that on a motion to dismiss the complaint for failure to state a cause of action, the court is required to view every allegation of the complaint as true and resolve all inferences in favor of the plaintiff regardless of whether the plaintiff will ultimately prevail on the merits *(see, Sanders v Winship,* 57 NY2d 391, 394; *Datlof v Turetsky,* 111 AD2d 364). In this case the plaintiff's allegation that the consideration received for the parcels was grossly disproportionate to their fair market value is sufficient to state a cause of action. While

it is true that the defendants were not required to sell the land at the highest marketable price, or even at fair market value (see, General Municipal Law § 507 [2] [d]), they were required to obtain substantial or valuable consideration in order for the transaction to constitute a bona fide sale and not a gift in violation of NY Constitution, article VIII, § 1 (see also, Matter of Ross v Wilson, 284 App Div 522, 530, revd on other grounds 308 NY 605; Devitt v Heimbach, 109 Misc 2d 463). Since a broad reading of the plaintiff's complaint would support the inference that the sale of the parcels at a price grossly disproportionate to their market value was a gift in disguise, the complaint states a cause of action sufficient to withstand a motion to dismiss (see, CPLR 3211 [a] [7]).

As to the defendants' claims that the sales price for the parcels was commensurate with three independent appraisals of the parcels conducted to establish "fair value" in accordance with the regulations of the Department of Housing and Urban Development (hereinafter HUD) (see, 42 USC § 1460 [c] [4]), they have neither produced these appraisals nor cited any specific HUD regulations to support their conclusory allegation that these appraisals must remain confidential. In any event, these appraisals would merely raise a question of fact, which may not appropriately be considered on this motion (see, CPLR 3211 [a] [7]).

Finally, with regard to the defendants' challenge to the plaintiff's standing to maintain this action, we would merely note that the plaintiff's allegation that it paid real property taxes in excess of $1,000 is sufficient to establish its standing as a taxpayer to maintain an action to prevent waste (see, General Municipal Law § 51). Lazer, J. P., Brown, Weinstein and Kooper, JJ., concur.