■ Mario T. Rotanelli,, as Shareholder Trustee of the Shareholders of Rotanelli Foods, Inc., Respondent, v John G. Madden et al., Appellants.—In an action to recover damages for the negligent statements of the defendant John G. Madden, an insurance broker and the agent for the defendants Assurance Company of America and Maryland Casualty Company, the defendants appeal from an order of the Supreme Court, Westchester County (Marbach, J.), entered June 8,

1989, which denied their separate motions to dismiss the amended complaint.

Ordered that the order is reversed, on the law, without costs or disbursements, the motions are granted, and the amended complaint is dismissed.

We are cognizant of the general rule that on a motion to dismiss a complaint for failure to state a cause of action under CPLR 3211 (a) (7), the complaint must be construed in the light most favorable to the plaintiff and all factual allegations must be accepted as true (see, Grand Realty Co. v City of White Plains, 125 AD2d 639; Barrows v Rozansky, 111 AD2d 105; Holly v Pennysaver Corp., 98 AD2d 570). Moreover, where a motion to dismiss is not converted to a summary judgment motion, as here, affidavits may be received for the limited purpose of remedying defects in the complaint and, thus, to preserve inartfully pleaded but potentially meritorious claims (see, Rovello v Orofino Realty Co., 40 NY2d 633, 635; Matter of Brisimitzakis v A.B. Mach. Works, 118 AD2d 568). However, even when viewed in this manner, we find that the amended complaint, together with the plaintiff's affidavits and documents annexed in opposition to the motions, were insufficient to withstand dismissal pursuant to CPLR 3211 (a) (7).

It is well settled that a negligent statement may be the basis for recovery of damages where (1) the author is bound by some relation of duty, arising out of contract or otherwise, to act with care if he acts at all, (2) where there is a carelessness in imparting words, (3) upon which others are expected to rely, and (4) upon which they did act or failed to act, (5) to their damage (see, White v Guarente, 43 NY2d 356, 362-363; Nichols v Clark, MacMullen & Riley, 261 NY 118, 125; Courteen Seed Co. v Hong Kong & Shanghai Banking Corp., 245 NY 377, 381; Dawes v Ballard, 133 AD2d 662, 663). In order for one to obtain any kind of relief for a negligent misrepresentation, it is essential for the plaintiff to show reliance upon it (see, Home Mut. Ins. Co. v Broadway Bank & Trust Co., 53 NY2d 568, 578) and that the reliance was justified (see, Dawes v Ballard, supra; see also, 60 NY Jur 2d, Fraud and Deceit, §§ 126, 133, 142-144).

In the instant case, the amended complaint alleges that the defendant Madden had negligently advised the plaintiff that it was covered under its existing insurance policies with the defendants Assurance Company of America and Maryland Casualty Company for loss due to food contamination and that such coverage would be carried over into the renewal policies.

However, since the plaintiff, which had been insured by the defendants for a number of years, is presumed to have read its insurance policies, he cannot claim to have relied upon the alleged statement *(see, Humble Oil & Ref. Co. v Jaybert Esso Serv. Sta.,* 30 AD2d 952; *see also,* 60 NY Jur 2d, Fraud and Deceit, § 144).* Moreover, we note that the plaintiff had been advised by the New Jersey Department of Health in May 1986 that his food products were suspected of causing salmonella poisoning. This occurred before June 1, 1986, the effective date of the renewal policy.

In view of the above disposition, we need not reach the parties' other contentions. Thompson, J. P., Brown, Kunzeman and Balletta, JJ., concur.