■ DONALD GRUEN, Appellant-Respondent, v COUNTY OF SUFFOLK, Respondent-Appellant.—In an action for a judgment declaring Suffolk County Resolution No. 659-1988 unconstitutional, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), entered August 24, 1990, as granted those branches of the defendant's motion which were to dismiss the

first and second causes of action asserted in the complaint, and the defendant cross-appeals from so much of the same order as denied those branches of its motion which were to dismiss the third and fourth causes of action asserted in the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and those branches of the motion which were to dismiss the first and second causes of action are denied; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from, without costs or disbursements.

The Suffolk Association of Managerial Employees (hereinafter SAME) is an unincorporated association of both current and retired Suffolk County managerial employees. Although these employees were not covered by any collective bargaining agreements, the defendant County of Suffolk has in the past by resolution extended to SAME members fringe benefits similar to those provided to other unionized employees under other labor contracts. Pursuant to this system and prior to December 31, 1988, SAME employees who died or retired from service would receive post-termination pay for accumulated unused sick leave at the rate of one day paid for every two days accrued up to a total of 180 days paid per 360 days accrued. However, on July 27, 1988, the County passed Resolution No. 659-1988 which, *inter alia,* reduced, as of January 1, 1989, the amount of unused sick time payable at death or retirement to SAME employees earning over $40,000 per year by half, by allowing one day paid for every four days accrued up to a total of 90 days paid per 360 days accrued. The plaintiff thereafter commenced the instant action for a judgment declaring Suffolk County Resolution No. 659-1988 unconstitutional as violative of the plaintiff's due process and equal protection rights. The County's motion to dismiss the complaint under CPLR 3211 (a) (2) on the ground that there is no justiciable controversy, and CPLR 3211 (a) (7) for failure to state a cause of action, was granted to the extent that the Supreme Court dismissed the first and second causes of action, alleging violations of due process. The plaintiff appeals from so much of the order entered August 24, 1990, as granted those branches of the motion which were to dismiss the first and second causes of action, and the defendant cross-appeals from so much of the order as denied those branches of the motion which were to dismiss the third and fourth causes of action.

The defendant contends that the Supreme Court erred in

failing to dismiss the complaint on the ground that it did not present a justiciable issue. We disagree. That " 'a case may have political overtones, involve public policy, or implicate some seemingly internal affairs of the executive or legislative branches does not * * * render the matter nonjusticiable' " *(Matter of Boung Jae Jang v Brown,* 161 AD2d 49, 55, quoting from *People v Ohrenstein,* 153 AD2d 342, 411). Here, the plaintiff does not attack the defendant's right to allocate resources or to establish compensation. Rather, the Supreme Court need only decide whether Suffolk County Resolution No. 659-1988 violates due process, and whether the categories of compensation created by the resolution impermissibly discriminate against a particular class in violation of equal protection. Thus, the "political question" doctrine is not implicated, and the instant controversy is justiciable *(see, Saxton v Carey,* 61 AD2d 645, *affd* 44 NY2d 545).

It is well settled that, as a general rule, on a motion to dismiss the complaint for failure to state a cause of action under CPLR 3211 (a) (7), the complaint must be construed in the light most favorable to the plaintiff and all factual allegations must be accepted as true *(see, Grand Realty Co. v City of White Plains,* 125 AD2d 639; *Barrows v Rozansky,* 111 AD2d 105; *Holly v Pennysaver,* 98 AD2d 570). "[T]he sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion * * * will fail" *(Guggenheimer v Ginzburg,* 43 NY2d 268, 275; *see also, LoPinto v J. W. Mays, Inc.,* 170 AD2d 582; *Green v Leibowitz,* 118 AD2d 756), regardless of whether the plaintiff will ultimately prevail on the merits *(see, Sanders v Winship,* 57 NY2d 391, 394; *Grand Realty Co. v City of White Plains, supra; Pope v New York Prop. Ins. Underwriting Assn.,* 112 AD2d 984, 985, *affd in part* 66 NY2d 857; *see also, Hallock v State of New York,* 39 AD2d 172, 174, *affd* 32 NY2d 599).

With these principles in mind, we find that the Supreme Court should not have dismissed the first and second causes of action. The plaintiff alleged that the County had lawfully granted certain fringe benefits, specifically, payment for accrued sick time upon termination of service, that SAME members had a vested right to these benefits, and that the County, by Suffolk County Resolution No. 659-1988, reduced those benefits without due process. Thus, the complaint adequately sets forth a cause of action alleging a due process violation *(see, Marenghi v Goldin,* 58 AD2d 774; *Matter of Teachers Assn. [Board of Educ.],* 34 AD2d 351; *Christian v*

*County of Ontario,* 92 Misc 2d 51; *see also,* 24 Carmody-Wait 2d, NY Prac § 147:30).

It is also clear that the plaintiff's third and fourth causes of action adequately allege a violation of equal protection. The essence of an action alleging a violation of equal protection both under the State and Federal Constitutions is that a challenged governmental classification rests on a ground wholly irrelevant to the achievement of a valid governmental objective and treats persons similarly situated differently under the law *(see, Margolis v New York City Tr. Auth.,* 157 AD2d 238, 240-241; *Matter of Cooke v Board of Educ.,* 140 AD2d 439). In the case at bar, the plaintiff alleges that, although the members of SAME are similarly situated to nonexempt employees included under collective bargaining agreements, in that they are graded the same way and receive the same salaries, the County arbitrarily selected the members of SAME for a reduction in benefits. Further, the plaintiff alleges that a reduction of benefits only for those employees making over $40,000 per annum was arbitrary. Bracken, J. P., Harwood, Balletta and Eiber, JJ., concur.