■ JENNIE M. BOVINO et al., Respondents, v VILLAGE OF WAPPINGERS FALLS et al., Appellants. [628 NYS2d 508] —In an action, inter alia, for a judgment declaring, inter alia, Local Laws, 1992, No. 5 of the Village of Wappingers Falls unconstitutional, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), entered June 24, 1993, as (1) denied those branches of their motion pursuant to CPLR 3211 (a) (7) which were to dismiss the second, fourth, and fifth causes of action asserted in the complaint, and (2) granted the plaintiffs' cross motion pursuant to CPLR 3025 for leave to serve an amended complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that, as a general rule, on a motion to dismiss the complaint for failure to state a cause of action under CPLR 3211 (a) (7), the complaint must be construed in the light most favorable to the plaintiff and all factual allegations must be accepted as true *(see, Gruen v County of Suffolk,* 187 AD2d 560, 562). "[T]he sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law[,] a motion * * * will fail" *(Guggenheimer v Ginzburg,* 43 NY2d 268, 275), regardless of whether the plaintiff will ultimately prevail on the merits *(see, Sanders v Winship,* 57 NY2d 391, 394; *Gruen v County of Suffolk, supra).* Here, the factual allegations set forth in the plaintiffs' complaint were sufficient to state causes of action for violations of due process, equal protection, and civil rights *(see, Gruen v County of Suffolk, supra; Margolis v New York City Tr. Auth.,* 157 AD2d 238, 240-241).

Moreover, it was not an improvident exercise of discretion for the Supreme Court to grant the plaintiffs' motion for leave to serve an amended complaint. "Leave to amend a pleading should be freely granted unless the proposed amendment is palpably improper as a matter of law or prejudices or surprises the opposing party" *(Nassau County v Incorporated Vil. of Roslyn,* 182 AD2d 678, 679; *see also,* CPLR 3025 [b]). Here, the amended complaint was legally sufficient and there is no claim of prejudice or surprise. Mangano, P. J., Sullivan, Thompson and Hart, JJ., concur.