■ DIANA V. MELNIK, Appellant, v SAKS & COMPANY, Doing Business as SAKS FIFTH AVENUE, Respondent, et al., Defendants. [668 NYS2d 937] —In an action, *inter alia*, to recover damages for malicious prosecution and false imprisonment, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Dowd, J.), dated December 12, 1996, which granted the motion of the defendant Saks & Company d/b/a Saks Fifth Avenue to dismiss the complaint insofar as asserted against it for failure to state a cause of action, and (2), as limited by her brief, from so much of an order of the same court, dated June 26, 1997, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated December 12, 1996, is dismissed, as that order was superseded by the order dated June 26, 1997, made upon reargument; and it is further,

Ordered that the order dated June 26, 1997, is reversed insofar as appealed from, on the law, upon reargument the respondent's motion to dismiss the complaint is denied, the order dated December 12, 1996, is vacated, and the complaint is reinstated.

It is well settled that on a motion to dismiss pursuant to CPLR 3211 (a) (7), the allegations set forth in the complaint must be accepted as true and given the benefit of every possible favorable inference (*Leon v Martinez*, 84 NY2d 83, 87-88; *Guggenheimer v Ginzburg*, 43 NY2d 268, 275; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 634; *Russo Sec. v Meltzer, Lippe, Goldstein, Wolf, Schlissel & Sazaer*, 243 AD2d 552; *Bovino v Village of Wappingers Falls*, 215 AD2d 619). When measured against these standards, we find that the causes of action alleged in the complaint were sufficiently stated, and therefore the respondent's motion to dismiss should have been denied (see, *Bovino v Village of Wappingers Falls, supra; cf., Sopesis Constr. v Solomon*, 199 AD2d 491, 492). Miller, J. P., Ritter, Thompson and Pizzuto, JJ., concur.