■ H. MERCER DAVIS et al., Respondents, v CCF CAPITAL CORP. et al., Defendants, and BOBBY G. MARTIN et al., Appellants. [717 NYS2d 207] —In an action to recover damages for fraud, negligence, and breach of fiduciary duties, the defendants Bobby Gray Martin and Salem Retirement Services appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (G. Aronin, J.), dated June 23, 1999, as denied the branch of their motion which was to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

As a general rule, on a motion to dismiss the complaint for failure to state a cause of action (*see,* CPLR 3211 [a] [7]), the complaint must be construed in the light most favorable to the plaintiff, and all factual allegations must be accepted as true

(*see, Gruen v County of Suffolk,* 187 AD2d 560, 562; *Rotanelli v Madden,* 172 AD2d 815, 816). The sole criterion is whether the pleading states a cause of action and if, from its four corners, factual allegations are discerned which, taken together, manifest any cause of action cognizable at law (*see, Guggenheimer v Ginzburg,* 43 NY2d 268, 275; *Gruen v County of Suffolk, supra*). Moreover, when, as here, a motion to dismiss is not converted to a motion for summary judgment, affidavits may be received for the limited purpose of remedying defects in the complaint, thereby preserving inartfully pleaded, but potentially meritorious, claims (*see, Rovello v Orofino Realty Co.,* 40 NY2d 633, 635; *Rotanelli v Madden, supra*).

The complaint alleges that the plaintiffs consulted the defendant Bobby Gray Martin, the principal of Salem Retirement Services, regarding a suitable plan for the investment of their retirement funds. The defendant Martin held himself out as having expertise as a financial advisor, particularly in the field of investments for retirees. He recommended that the plaintiffs invest their funds in loans secured by real estate mortgages in the City of New York, and allegedly represented that the loans were low risk, high yield, secure, safe, sound, and suitable for their retirement funds. He also represented that he was experienced with such investments, that he regularly traveled to New York, and that he would continue to assist the plaintiffs after the closing of the mortgages. He made such representations with the intent that the plaintiffs rely on them. However, he knew or should have known that they were false. It is alleged that the plaintiffs relied on Martin's representations and invested approximately $130,000 in three mortgages that were extremely risky, unsafe, and completely unsuitable for the plaintiffs' retirement funds. The mortgages were inadequately secured. Two of the mortgages are in default, and one is in foreclosure. Moreover, $127,500 of the plaintiffs' principal remains unpaid. In view of the foregoing, the complaint clearly states a cause of action sounding in fraud (*see, Crafton Bldg. Corp. v St. James Constr. Corp.,* 221 AD2d 407, 408).

The complaint and the plaintiffs' affidavit allege that, since the plaintiffs were Martin's clients, there was a fiduciary relationship between the plaintiffs and Martin. Moreover, the plaintiffs produced documentary evidence tending to support their claim that they were Martin's clients, i.e., a transmittal letter from Martin forwarding the plaintiffs' $130,000 to the defendant Graynor & Graynor and a new client worksheet for the plaintiffs allegedly prepared by Martin. Therefore, the court properly denied those branches of the appellants' motion which

were to dismiss the causes of action sounding in negligence and breach of fiduciary duty insofar as asserted against them (*see, Strauss v Belle Realty Co.*, 65 NY2d 399, 402; *Pulka v Edelman*, 40 NY2d 781; *Scheuer Family Found. v 61 Assocs.*, 179 AD2d 65; *DeRossi v Rubinstein*, 233 AD2d 220). O'Brien, J. P., Thompson, H. Miller and Schmidt, JJ., concur.