■ NICHOLAS BENYO et al., Respondents, v DAVID SIKORJAK et al., Appellants. [858 NYS2d 215]—

In an action, inter alia, to recover damages for intentional infliction of emotional distress, the defendants appeal (1) from

an order of the Supreme Court, Westchester County (Donovan, J.), entered February 16, 2007, which granted the plaintiffs' motion for leave to serve an amended complaint, and (2), as limited by their brief, from so much of an order of the same court (Nicolai, J.), entered July 9, 2007, as amended by order of the same court entered August 8, 2007, as denied those branches of their motion pursuant to CPLR 3211 (a) to dismiss the first, second, and fourth causes of action asserted in the amended complaint.

Ordered that the order entered February 16, 2007 is affirmed, without costs or disbursements; and it is further,

Ordered that the order entered July 9, 2007, as amended, is modified, on the law, by deleting the provisions thereof denying those branches of the defendants' motion which were to dismiss the first and second causes of action and substituting therefor provisions granting those branches of the motion; as so modified, the order entered July 9, 2007, as amended, is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Nicholas Benyo is the principal of the plaintiff Benyo Worldwide Travel (hereinafter Benyo Travel), a corporation which has its offices located in a building in Yonkers. The building was purchased in 1978 by B & H Management, Inc., a corporation partly owned by Nicholas Benyo. In 1992 Benyo Travel entered into a 99-year lease with B & H Management. Also in 1992 Benyo Travel hired the defendant David Sikorjak as an employee of Benyo Travel. Sikorjak later became a stockholder and officer of Benyo Travel. In 1999 the building was purchased by the defendants Sikorjak and Mikulas Benyo, who then formed the corporate defendant Tatra Apartments, Inc. (hereinafter Tatra) to run the building.

In April 2002 Sikorjak formed his own travel agency, the defendant Danube International Travel, Inc., and in May 2002 he resigned from the employ of Benyo Travel. In October 2002 Tatra brought eviction proceedings against the plaintiffs, and thereafter a declaratory judgment action seeking to invalidate the 99-year lease. These matters ultimately terminated in the plaintiffs' favor by February 2005. The plaintiffs contend that, thereafter, the defendants deprived the plaintiffs of the basic services to which they were entitled to under their lease, and engaged in practices aimed at driving the plaintiffs out of business. The plaintiffs commenced this action asserting causes of action alleging intentional infliction of emotional distress, abuse of process, and fraud.

The plaintiffs moved for leave to amend their complaint, inter alia, to merge two causes of action and "further specify the

remaining causes of action." In an order entered February 16, 2007, this motion was granted by the court. The defendants moved to dismiss the complaint on the grounds that it failed to state a cause of action, was barred by res judicata, and was time-barred. In an order entered July 9, 2007, as amended, the court, inter alia, granted that branch of the defendants' motion which was to dismiss the cause of action alleging breach of fiduciary duty, and otherwise denied the motion. The defendants appeal from both orders.

The Supreme Court properly granted the plaintiffs' motion for leave to amend their complaint. Leave to amend generally will be granted as long as the opponent is not surprised or prejudiced by the proposed amendment (see *G.K. Alan Assoc., Inc. v Lazzari,* 44 AD3d 95, 99 [2007]; *Trataros Constr., Inc. v New York City Hous. Auth.,* 34 AD3d 451, 452-453 [2006]). Furthermore, as recently stated by this Court in the case of *Lucido v Mancuso,* 49 AD3d 220 [2008]: "[A] plaintiff seeking leave to amend the complaint is not required to establish the merit of the proposed amendment in the first instance [and] the legal sufficiency or merits of a pleading will not be examined unless the insufficiency or lack of merit is clear and free from doubt (*Sample v Levada,* 8 AD3d 465, 467-468 [2004]; *see Sleepy's, Inc. v Orzechowski,* 7 AD3d 511 [2004]; *Zacma Cleaners Corp. v Gimbel,* 149 AD2d 585, 586 [1989])."

In the case at bar, the proposed amended complaint was not palpably insufficient and, in fact, did not markedly differ from the original complaint. Under these circumstances, there is no reason to disturb the Supreme Court's determination granting the plaintiffs leave to serve an amended complaint (*see Voyticky v Duffy,* 19 AD3d 685 [2005]; *Sewkarran v DeBellis,* 11 AD3d 445 [2004]; *Liberty Mut. Ins. Co. v Perfect Knowledge,* 299 AD2d 524 [2002]).

The Supreme Court also properly denied that branch of the defendants' motion which sought dismissal of the fourth cause of action asserted in the complaint. Construing this claim in the light most favorable to the plaintiff and accepting the factual allegations of the complaint as true (*see Davis v CCF Capital Corp.,* 277 AD2d 342 [2000]; *Gruen v County of Suffolk,* 187 AD2d 560 [1992]), we agree with the Supreme Court that the fourth cause of action adequately states a claim alleging fraud, which arose sometime after Sikorjak left Benyo Travel's employ in 2002. Furthermore, this cause of action is not time-barred since it was asserted in 2006 and is governed by a six-year statute of limitations (*see* CPLR 213 [7]; *see also Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403, 408 [1958]; *Toscano*

*v Toscano,* 285 AD2d 590 [2001]; *Katz v Bach Realty,* 192 AD2d 307 [1993]).

However, the first and second causes of action should have been dismissed. The first cause of action seeks damages for intentional infliction of emotional distress. In order to state a cause of action alleging the intentional infliction of emotional distress, the conduct alleged must be " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " (*Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303 [1983], quoting Restatement [Second] of Torts § 46, comment *d; see Howell v New York Post Co.,* 81 NY2d 115, 122 [1993]; *Freihofer v Hearst Corp.,* 65 NY2d 135, 143 [1985]; *Hering v Lighthouse 2001, LLC,* 21 AD3d 449, 451 [2005]).

In the case at bar, even accepting the allegations of the complaint as true, the plaintiffs only showed that the defendants attempted to terminate the long-term lease either through legal proceedings or through a failure to provide some building services. While these actions may have been unfounded or even improper, they cannot be considered so extreme in degree as to go "beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (*Murphy v American Home Prods. Corp.,* 58 NY2d at 303 [internal quotation marks omitted]; *cf. Green v Fischbein, Olivieri, Rozenholc & Badillo,* 135 AD2d 415 [1987]). Accordingly, the court should have granted that branch of the defendants' motion which was to dismiss the cause of action alleging intentional infliction of emotional distress pursuant to CPLR 3211 (a) (7).

The second cause of action, which seeks damages for abuse of process, stems from the allegedly baseless legal proceedings which the defendants brought in an attempt to evict the plaintiffs and/or terminate the 99-year lease. Abuse of process is an intentional tort and, thus, is governed by a one-year statute of limitations (*see* CPLR 215; *Peerless Abstract Corp. v Seltzer,* 35 AD3d 423 [2006]; *Dobies v Brefka,* 263 AD2d 721 [1999]; *Beninati v Nicotra,* 239 AD2d 242 [1997]; *Bittner v Cummings,* 188 AD2d 504 [1992]). Since the complaint indicates that the last of the legal proceedings involving eviction and/or termination of the lease concluded in February 2005, and it is undisputed that the complaint was filed in May 2006, the cause of action alleging abuse of process is time-barred. Therefore, this cause of action also should have been dismissed.

The defendant's remaining contentions either are without

merit or need not be reached in light of our determination. Mastro, J.P., Santucci, Eng and Belen, JJ., concur.