■ STEVEN GREER, Respondent, v NATIONAL GRID et al., Appellants. [934 NYS2d 427]—

On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002];

*Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Prestige Caterers, Inc. v Siegel*, 88 AD3d 679 [2011]; *Peery v United Capital Corp.*, 84 AD3d 1201 [2011]). Here, the complaint sufficiently states all of the necessary elements of a cause of action to recover damages for malicious prosecution (*see Ramos v City of New York*, 285 AD2d 284, 298-299 [2001]; *Melnik v Saks & Co.*, 248 AD2d 446 [1998]; *see also Cantalino v Danner*, 96 NY2d 391, 394 [2001]; *cf. Lupski v County of Nassau*, 32 AD3d 997, 999 [2006]). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was to dismiss the first cause of action to recover damages for malicious prosecution.

However, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the second cause of action. The second cause of action arises from the same facts as the first cause of action alleging malicious prosecution, and seeks to recover damages on the theory that a criminal prosecution would not have been initiated against the plaintiff had the defendant National Grid properly trained and supervised its employees. However, allegations of negligence do not support a malicious prosecution cause of action (*see Ramos v City of New York*, 285 AD2d at 301; *Romero v State of New York*, 294 AD2d 730, 734 [2002]) and, as a matter of public policy, New York does not recognize a cause of action to recover damages for negligent prosecution (*see Russ v State Empls. Fed. Credit Union [SEFCU]*, 298 AD2d 791, 793 [2002]; *Coleman v Corporate Loss Prevention Assoc.*, 282 AD2d 703 [2001]; *Pandolfo v U.A. Cable Sys. of Watertown*, 171 AD2d 1013, 1014 [1991]). Accordingly, the second cause of action fails to state a cognizable claim, and that branch of the defendants' motion which was to dismiss the second cause of action should have been granted. Skelos, J.P., Balkin, Eng and Sgroi, JJ., concur.